**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X     **Case No. 23-42029**
**In re:**

**Margarita Onassis Parlionas**

                                                    **Chapter 11**
-------------------------------------------------------X

### APPLICATION TO RETAIN DAHIYA LAW OFFICES, LLC
### AS COUNSEL TO THE DEBTOR

The application of Margarita Onassis Parlionas, the debtor and the debtor in possession (the "Debtor") respectfully sets forth and alleges:

1.       Heretofore, on June 7, 2023 (the "Filing Date"), the Debtor filed a petition for reorganization under Chapter 11 of title 11 of the United States Code (the "Code"). The Debtor remains in possession of its assets and property pursuant to §§1107 and 1108 of the Code.

2.       The Debtor's petition and schedules indicate that the debtor owns a real property 157-22 Powells Cove Blvd. Beechhurst, New York 11357 (the "Real Property") and this Real Property is co-owned with Athanasios Parlionas, Debtor's husband and at present a subject of a litigation emanating from divorce proceeding pending in the state court.  Debtor has racketeering claims against Mr. Parlionas.

3. The Debtor has the authority to retain the firm of Dahiya Law Offices LLC ("DLO") as bankruptcy counsel in this case, *nunc pro tunc,* as of June 7, 2023. The Debtor has selected DLO for the reason it has experience in reorganization and insolvency proceedings, especially of the issues involved herein, related to embezzlement of marital assets, transactions including assertion of racketeering

claims. The Debtor believes that DLO is well qualified to represent it in this chapter

11 case.

4. The professional services that DLO is to render can be summarized as follows:

    a) Assisting and advising the Debtor relative to the administration of this proceeding;

    b) Representing the Debtor before the Bankruptcy Court and advising the Debtor on all pending litigations, hearings, motions, and of the decisions of the Bankruptcy Court;

    c) Reviewing and analyzing all applications, orders, and motions filed with the Bankruptcy Court by third parties in this proceeding and advising the Debtor thereon;

    d) Attending all meetings conducted pursuant to section 341(a) of the Bankruptcy Code and representing the Debtor at all examinations;

    e) Communicating with creditors and all other parties in interest;

    f) Assisting the Debtor in preparing all necessary applications, motions, orders, supporting positions taken by the Debtor, and preparing witnesses and reviewing documents in this regard;

    g) Conferring with all other professionals, including any accountants and consultants retained by the Debtor and by any other party in interest;

    h) Assisting the Debtor in its negotiations with creditors or third parties concerning the terms of any proposed plan of reorganization;

    i) Preparing, drafting and prosecuting the plan of reorganization and disclosure statement;

    j) Assisting the Debtor in performing such other services as may be in the interest of the Debtor and the Estate and performing all other legal services required by the Debtor; and

    k) Prosecuting such claims including those under 18 U.S.C. § 1964(c) and civil right act a deemed appropriate including declarative lawsuits.

5. To the best of the Debtor 's  knowledge, DLO has no connection with any of the

Debtor's creditors or any other party in interest in this case, except that DLO

retention as bankruptcy counsel to the Debtor in this proceeding, as set forth in the

affirmation of Karamvir Dahiya, principal of the firm, annexed hereto and made a part

hereof.

6. Annexed hereto as Exhibit "A" is Karamvir Dahiya's Affirmation indicating that

neither he, nor attorneys employed by DLO, hold any interest adverse to the estate.

And is "disinterested" as such term is defined in section 101(14) of the Bankruptcy

Code, as modified by section 1107(b). DLO will not, while retained by the Debtor, represent any other party in interest in connection with this case.

7.      Annexed hereto as Exhibit "B" is DLO 2016(b) Affirmation indicating that Karamvir Dahiya, Esq. has received a retainer of $17,500.00 which included the filing fees of $1738.   DLO will charge fees and expenses incurred in representing the Debtor in these proceedings based on the normal rates charged by the attorneys and paralegals of DLO for similar clients, currently firm's hourly rates which range from $650 for principal, $550 for counsel, $200 per hour to $350 per hour for associates time, $75--$125 for paralegals, plus reimbursement of out-of-pocket expenses.   Such rates are subject to periodic review and change, usually on an annual basis. DLO will seek compensation for services rendered and expenses incurred upon appropriate application to the court pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rules.

8. DLO represents no interest adverse to the Debtor or to its estate in the matters upon which DLO is to be engaged and its employment is necessary and is in the best interests of the estate.

WHEREFORE, the Debtor seeks entry of the prefixed order and for such other and further relief as is just and proper.

Dated: New York, New York
June 14, 2023

/s/

_____
Margarita Onassis Parlionas

By: /s/Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 506
New York New York 10038

I, the undersigned as debtor certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: New York, New York
June 14, 2023

/s/*Margarita Onassis Parlionas*

_____
Margarita Onassis Parlionas

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X    Case No. 23-42029
In re:

**Margarita Onassis Parlionas**

                                  **Chapter 11**

------------------------------------------------

<u>**AFFIDAVIT IN SUPPORT OF RETENTION OF DAHIYA LAW OFFICES LLC**</u>

   STATE OF NEW YORK )
                                 ):ss
COUNTY OF NEW YORK )

        Karamvir Dahiya, being duly sworn, deposes and says under the penalty of perjury:

            1.        The firm of Dahiya Law Offices LLC ("DLO") maintains offices for the practice of law at 75 Maiden Lane Suite 606, New York New York 10038.  I am the principal of the firm and duly admitted to practice before this Court.

            2.        DLO has agreed to render services to the Debtor, on a general retainer basis, at the firm's hourly rates which range from $650 for principal, $550 for counsel, $200 per hour to $350 per hour for associates time, $75--$125 for paralegals, plus reimbursement of out-of-pocket expenses.

            3.        Neither your affirmant nor any of DLO's attorneys have any connection with the creditors of the Debtor or any other party in interest or its respective attorneys.

            4.        Accordingly, DLO is disinterested as that term is defined in §101(14) of the Bankruptcy Code. DLO is not owed any sums for services rendered prior to the filing of the chapter 11 case.

            5.        DLO represents no interest adverse to the Debtor herein or its estate in the matters upon which it is to be engaged. DLO has received a check of $17,500 which included the filing fees of $1738.00, regarding the Debtor's retention.     The source of this payment was the debtor herself.

6.      DLO does not represent or hold any adverse interest with respect to the Debtors or family members or the matters on which it is to be employed.  To check and clear potential conflicts of interest in these cases, as well as determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States Trustee, DLO researched its client database for last 20 years to determine whether it has any relationships with any interested parties. DLO is a small law office focused on bankruptcy litigation and we know who our clients were in the past. We have not discovered any conflict in any manner.

Dated: New York New York
June 14, 2023

*/s/ Karamvir Dahiya, Esq.*
Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X    **Case No. 23-42029**
**In re:**

**Margarita Onassis Parlionas,**
            **Debtor.**

                                   **Chapter 11**

-----------------------------------------------

### STATEMENT UNDER RULE 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND § 329 OF THE BANKRUPTCY CODE

        Karamvir Dahiya ("Dahiya"), a principal of Dahiya Law Offices LLC  (the "Firm"), pursuant to § 329 of the Bankruptcy Code (the "Code") and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, states that the Firm received a  retainer of $17,500 (Two Thousand) regarding the debtor's case.  All compensation to the Firm, including reimbursement of expenses, shall be paid on an interim or final basis in accordance with orders of this court following the submission of invoices, or upon the filing of appropriate applications for interim or final allowance of compensation pursuant to §§ 330 and 331 of the Code.

        Dahiya further states that the Firm has not shared or agreed to share (a) any compensation or reimbursement with another person or entity, other than regular associates or individuals, of counsel to the Firm, or (b) any compensation or reimbursement received by another person.

Dated:  New York, New York
        June 14, 2023                       Respectfully Submitted,

                                   Dahiya Law Offices LLC

                                   By:     */s/Karamvir  dahiya*
                                      Karamvir Dahiya (KD 9738)
                                      75 Maiden Lane Suite 606
                                      New York NY 10038
                                      (212) 766 8000

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X      Case No. 23-42029
In re:

**Margarita Onassis Parlionas**

                                                                  **Chapter 11**
-------------------------------------------------------X

**ORDER AUTHORIZING RETENTION**
**OF DAHIYA LAW OFFICES, LLC**
**AS BANKRUPTCY COUNSEL TO THE DEBTOR**

Upon the application (the "Application") of **Margarita Onassis Parlionas** the

debtor and debtor in possession (the "Debtor"), for authority pursuant to §327(a) of

Title 11 of the United States Code (the "Code") to retain DAHIYA LAW OFFICES,

LLC ("DLO") as bankruptcy counsel to the Debtor,  the affirmation of Karamvir

Dahiya, principal of DLO dated June 14, 2023 (the "Dahiya Affirmation") along

with the *affidavit* regarding source of compensation and conflict check filed on June

14, 2023 and it appearing that Karamvir Dahiya is an attorney duly admitted to

practice in this Court, and the Court being satisfied that DLO represents no interest

adverse to the Debtor or to the estate in the matters upon which DLO is to be

engaged and that its employment is necessary and in the best interests of the estate;

and it further appearing that and due and proper notice of the Application and its

exhibits having been served by the Debtor upon the twenty (20) largest unsecured

creditors in this case, the Office of the United States Trustee, and all parties who

filed requests for notice, and no objection to the relief requested having been filed

with the Court, it is

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, the Debtor be, and it hereby is, authorized to retain DLO as bankruptcy counsel to represent the Debtor in the within case under chapter 11 of the Code, **nunc pro tunc** as of June 14, 2023 on the terms and conditions in the Application and the Dahiya Affirmation; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 327(a), DLO shall seek compensation for legal services and reimbursement of expenses upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2014 and E.D.N.Y.L.B.R.2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that prior to any increases in DLO's rates, DLO shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

Dated: _____, 2023
Brooklyn, New York

_____
Hon.  Jill Mazer-Marino, Judge