| UNITED STATES BANKRUPTCY COURT | Hearing Date: January 17, 2024 |
| EASTERN DISTRICT OF NEW YORK | Time: 11:30 a.m. |
|----|----|

---------------------------------------------------X   Objection Deadline:
January 12, 2023

|  | Chapter 11 |
|---|---|
| IN RE: | Case No. 23-42029-jmm |

MARGARITA ONASSIS PARLIONAS,

                          Debtor.

---------------------------------------------------X

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the annexed Application of Creditor Athanasios Parlionas, dated December 15, 2023, by his attorney Richard A. Klass, Esq., the undersigned shall move before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, at the Courthouse located at 271 Cadman Plaza East, Brooklyn, New York, 11201, on January 17, 2024, at 11:30.am., or as soon thereafter as counsel may be heard, for an Order:

    a)    Converting this case to a Chapter 7 case pursuant to section 1112(b) of the Bankruptcy Code; and

    b)    granting such other and further relief this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the motion must be in writing and filed with the bankruptcy court by January 12, 2024, (the "Objection Deadline") through the courts electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline to Richard A. Klass, Esq.

PLEASE TAKE FURTHER NOTICE, that you may appear at the hearing in person, by phone or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone

number or video link for the hearing will be emailed only to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open court.

Dated: Brooklyn, New York  _____/s/_____
December 20, 2023  Richard A. Klass, Esq.
Attorney for Creditor
Athanasios Parlionas
16 Court Street, 28th Floor
Brooklyn NY 11241
718-643-6063
RichKlass@courtstreetlaw.com

To: MARGARITA ONASSIS PARLIONAS
Debtor
157-22 Powells Lane
Beechhurst, NY 11357

Karamvir Dahiya
DAHIYA LAW OFFICES LLC
Attorney for Debtor
75 Maiden Lane Suite 606
New York, New York 10038

Office of the United States Trustee
Attn: Jeremy S. Sussman, Esq.
One Bowling Green, Ste 510
New York NY 10004-1408

All creditors of the Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

IN RE:

MARGARITA ONASSIS PARLIONAS,

                Debtor.
----------------------------------------------------X

Chapter 11
Case No. 23-42029-jmm

## APPLICATION

Creditor Athanasios Parlionas ("Mr. Parlionas" or the "Movant"), makes this application by and through his attorney Richard A. Klass, Esq., in support of Mr. Parlionas' motion for an Order converting or dismissing Debtor Margarita Onassis Parlionas' (the "Debtor") Chapter 11 case pursuant to 11 U.S.C. § 1112(b) for "cause" of the (the "Motion") and alleges upon information and belief as follows:

## BACKGROUND

1. The Debtor filed a petition under Chapter 11 of the Bankruptcy Code on June 7, 2023.

2. The Debtor's only significant assets that are listed on the Petition and Schedules are the real estate properties jointly owned by the Debtor and Mr. Parlionas in the Whitestone, New York ("Whitestone Home") and Deerfield Beach Florida ("Florida House").

3. The Debtor and Mr. Parlionas are husband and wife in the pending divorce action, titled *Parlionas v. Parlionas*, in the Supreme Court State of New York Queens County, Index No. 012636/2015 (the "Divorce Action" or the "Divorce Court"). Judge William Viscovich presides over the Divorce Action.

4. By Order dated March 30, 2016, Athanasios Parlionas was ordered to pay the Debtor's expenses during the pendency of the case. Annexed hereto as Exhibit A is the Pendente Lite Order.

5. The Debtor was originally represented by Michael Black, Esq., then John Sipsas, Esq., then Alyssa Eisner, Esq. and currently represents herself *pro se*.

6. In the Divorce Action, by Order of Justice Viscovich dated March 2, 2023, the Court directed the parties to retain real estate brokers and sell the Florida House and the Whitestone Home. See Order annexed as Exhibit B.

7. Days before the filing, by Order dated June 1, 2023, the Pendente Lite obligations were suspended by Judge Viscovich and the Debtor's exclusive occupancy of the marital residence in Whitestone was terminated as of July 15, 2023. Annexed hereto as Exhibit C is a copy of the June 1, 2023 Order suspending the Pendente Lite obligations. Since the Court ordered that Athanasios Parlionas was no longer responsible to pay these amounts, and the intervening Chapter 11 case, the Debtor has continued to live in the Whitestone home and has failed to pay any of the carrying costs, including insurance.

8. After the removal of the Divorce Action by the Debtor to the Bankruptcy Court, and the motion to remand by Mr. Parlionas, the Divorce Action was remanded back to State Court by Order dated December 4, 2023. A copy of the Order is annexed as Exhibit D.

9. The Debtor has only filed four operating reports for the months of June, 2023, July 2023, August, 2023, September, 2023 and through October 10, 2023. No operating reports have been filed for the months of November and December, 2023. The filed reports don't show much in terms of expenses or income. The Debtor shows no income, except for a cash transfer from her daughter, Evangelia Andreone. No carrying costs are being shown as being paid. See Operating Reports annexed as Exhibit E.

10. Upon information and belief, the Debtor has allowed the insurance coverage on the Whitestone Home to lapse and the insurance coverage on the Florida House will lapse at the end of January, 2024. See emails and letter regarding the lapse of insurances annexed as Exhibit F.

11. Since the filing, nothing has been accomplished by the Debtor in marketing and selling these properties, which was the Debtor's stated purpose for needing to reorganize in Chapter 11. To date, although an application to retain a real estate broker was filed for the Florida property, and an adversary proceeding filed regarding the proposed sale of the Florida House, no real estate broker has been retained for the sale either of the properties.

**LEGAL STANDARD**

CAUSE EXISTS TO CONVERT THIS CHAPTER
11 CASE UNDER SECTION 1112(b)

12. Section 1112(b)(1) of the Bankruptcy Code provides as follows:

"Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing,

absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112 (b)(1). Under Bankruptcy Code Section 1112(b)(1), a court shall convert or dismiss a Chapter 11 case if any of the following grounds is present:

"(4) For purposes of this subsection, the term "cause" includes--
(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan…."

11 U.S.C.A. § 1112(b)(4). "These grounds are 'illustrative, not exhaustive.' *In re Babayoff*, 445 B.R. 64, 76–77 (Bankr. E.D.N.Y. 2011) (citing *C–TC 9th Ave. P'ship v. Norton Co.*, 113 F.3d 1304, 1311 (2d Cir.1997)).

A. **CONTINUING LOSS AND DIMINUTION OF THE ESTATE AND THE ABSENCE OF LIKELIHOOD OF REHABILITATION**

13. The Movant submits that cause for conversion can be shown due to the Debtor having a continuing loss to or diminution of the estate and the absence of likelihood of rehabilitation.

14. The Debtor has stated in her filed pleadings that she is a "housewife" with no source of income. Since the filing, the Debtor has filed four operating reports indicating that she is not maintaining insurance coverage on the properties, not paying taxes or any of the other carrying costs associated with the estate assets. The Debtor's stated purpose for filing Chapter 11 was to sell her assets for fair value. Yet, to date, the Debtor has failed to successfully retain a broker and find a buyer for the real properties. No sale of assets has been effectuated. During the pendency of the case, the Debtor has failed to pay any of the carrying costs of the properties, and the administrative expenses continue to grow, eroding the equity in the jointly held assets.

15. The Debtor has not timely filed operating reports in her Chapter 11 case and the filed reports do not reflect any payments of the carrying costs associated with the marital assets. After more than seven years of doing so, Movant can no longer afford to shoulder the heavy burden of paying the carrying costs associated with the marital assets. The accrued expenses on the properties since the filing total at least $87,646.95 and continue to accrue every month that the properties remain unsold. Attached as Exhibit F is an itemized schedule prepared by Mr. Parlionas listing the carrying costs of the properties that have accrued since the filing date.

16. It is urged by Movant that there is also no likelihood of rehabilitation. As stated above, the Debtor's filed operating reports reflect no income which could offset continuing losses and the Debtor's intention to liquidate establish that there is no likelihood of rehabilitation here. *See In re Kanterman*, 88 B.R. 26, 28–29 (S.D.N.Y. 1988)(No likelihood of rehabilitation and continuing loss to estate constituted cause where Debtor was a housewife with no regular income). Even if the Debtor were to file a liquidating plan, the Debtor's failure to meet her post-petition obligations, the costs associated with filing and confirming a plan, and the delay occasioned thereby, would not be beneficial to the Debtor's estate. On the contrary, this case is only digging the Debtor deeper into debt.

17. Conversion would permit a chapter 7 trustee to liquidate the Debtor's properties in an orderly fashion and use the proceeds to pay creditors, ensuring "the largest number of [creditors] being paid the largest amount of money in the shortest amount of time." *In re Francis*, 2019 WL 1265316, at 7 (B.A.P. 1st Cir. Mar. 14, 2019)(citations omitted). Moreover, the creditors would benefit from the appointment of a chapter 7 trustee who could investigate and prosecute any claims the Debtor may have against third parties. *See In re BH S & B Holdings, LLC*, 439 B.R. 342, 350–51 (Bankr. S.D.N.Y. 2010).

B. <u>FAILURE TO MAINTAIN INSURANCE</u>

18. As stated above, upon information and belief, the Debtor no longer has insurance coverage on the Whitestone Home and the insurance on the Florida House will lapse at the end of January, 2024. Upon information and belief, the Florida Home will no longer be insurable due to the inability to obtain flood insurance. See Exhibit

F. This poses a risk to the bankruptcy estate and the public. Converting the case to Chapter 7 would allow the Debtor's assets and the public to be safeguarded by a Chapter 7 trustee.

C. INABILITY TO EFFECTUATE A PLAN

19. Based on the filed unsecured claims in the Debtor's case, Movant submits that the Debtor would be unable to effectuate substantial consummation of a confirmed plan because she would be unable to obtain the requisite consent. See a copy of the Claims Register annexed as Exhibit H. A debtor's ability to effectuate a plan may well turn on practical considerations, including whether confirmation can be achieved. A debtor is unable to effectuate a plan where it "lacks the ability to formulate a plan or to carry one out." *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir.1989). However, to effectuate a plan, the proponent must obtain the requisite consents of two-thirds in amount and more than one-half in number, as stated in 11 U.S.C. § 1126(c), of at least one class of impaired claims in accordance with 11 U.S.C. § 1129(a)(10). *In re Rundlett*, 136 B.R. 376, 381 (Bankr. S.D.N.Y. 1992).

20. Mr. Parlionas, who holds the vast majority of the unsecured debt, could prevent confirmation of a proposed plan. *See In re Local Union 722 Int'l Bhd. of Teamsters*, 414 B.R. 443, 453 (Bankr.N.D.Ill.2009)( Court found that cause under Section 1112(b) was present where a single creditor held seventy-eight percent of the unsecured debt and objected to the plan because his claim was impaired, so that confirmation of a plan was impossible.) *See In re B & B West 164th Street Corp.*, 147 B.R. 832, 842 (Bankr.E.D.N.Y.1992) (cause under Section 1112(b) present

where plan confirmation impossible over objection of creditor who controlled over one-third of a class). Given the positions that the unsecured creditors have taken against this Debtor, it seems to be unlikely, if not highly unlikely, that this Debtor could ever obtain the necessary consents for a plan. *See Kanterman*, 88 B.R. 26 at 28–29. Based on the filed claims, the Debtor will be unable to effectuate any proposed plan.

21. For all of the foregoing reasons, Movant submits that cause exists to convert the Debtor's Chapter 11 case to a Case under Chapter 7 pursuant to Bankruptcy Code §1112(b).

22. No prior request for the relief herein requested has been made to this Court or any other court.

WHEREFORE, it is respectfully requested that this Court sign an Order converting this case to Chapter 7 pursuant to section 1112(b) of the Bankruptcy Code; and granting such other and further relief this Court deems just and proper.

Dated: Brooklyn, New York  _____/s/_____
      December 20, 2023  Richard A. Klass, Esq.
                                                   Attorney for Creditor Athanasios Parlionas
                                                   16 Court Street, 28th Floor
                                                   Brooklyn NY 11241
                                                   718-643-6063
                                                   RichKlass@courtstreetlaw.com