UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X    Case No. 23-42029 (JMM)
In re:

Margarita Onassis Parlionas
                                                              Chapter 11
--------------------------------------------------------X

**ORDER TO SHOW CAUSE SCHEDULING HEARING ON SHORTENED NOTICE
FOR THE MOTIONS OF MARGARITA ONASSIS PARLIONAS  REQUISITIONING
(1) RECONVERSION OF THE CASE TO ONE CHAPTER 11 (2) APPROVAL OF THE
SALE OF THE REAL PROPERTIES OF THE DEBTOR AND (3) GRANTING
RELATED RELIEF**

Upon the application to this Court brought by Order to Show Cause of the debtor,

Margarita Onassis Parlionas  (the "Debtor),   in the above-captioned chapter 11 case, for the entry

of an order scheduling a hearing and shortening the notice period to consider the Motions of the

Debtor: (1) reconverting the case to one chapter 11 (**Reconversion Motion**);  (2) consider the

motion for sale of the real properties of the Debtor's two real properties located at 15722 Powells

Cove Blvd, White, New York 11357 ("**Whitestone Property**") and 1331 SE 8th Ct. Deerfield

Beach, FL 33441 (**Florida Property)** (collectively the "**Real Properties**") to 35 Madison John

John LLC (**35 Madison)**  and Vladimir Vinogradvo Revocable Living Trust (**Trust**) respectively

[and collectively referred as the **"Buyers"**], pursuant to the terms of a contracts of sale (the

**"Contracts"**), copies of which are  annexed hereto as **Exhibits "A"**  and **"B"** to the sale motion

**(Sale Motion) and** (3) Granting Related Relief (the "**Scheduling Motion"**); and it appearing that

consideration of the Scheduling Motion on an expedited basis is necessary to consider the relief

requested in the Scheduling Motion; and after due deliberation and sufficient cause appearing

therefor, it is hereby

ORDERED that a hearing (the **"Hearing"**) to consider the relief requested in the

Scheduling Motion regarding the Conversion Motion and Sale Motion  will be held before the

1

Honorable Jill Mazer-Marino  of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") in Room 3529 , 271 Cadman Plaza East, Brooklyn, New York 11201 on _____March ___ 2024 am/pm (prevailing Eastern Time); and it is further

ORDERED that the Debtor shall serve a copy of this Order and the papers upon which it is based by email or overnight mail by _____March ___2024  at 5:00 p.m. on (i) the counsel for creditor Athanasios Parlionas, Ms. Hilary Schultz, hschultz@courtstreetlaw.com (ii) the United States Trustee, Mr. Jeremy Sussman, Jeremy.S.Sussman@usdoj.gov and (iii) all creditors having filed notice of appearance as well the Buyers of the Real Properties or their counsels and (iii) and it is further

ORDERED that the Debtor shall promptly file the papers on which this Order is based on the Court's CM/ECF system; and it is further

ORDERED that the Responses or objections to the Scheduling Motion must be: (i) in writing, (ii) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court; and filed on the Court's CM/ECF system (and email to chambers) or before March __, 2024 at 12 noon (prevailing Eastern Time) (the "Objection Deadline"); and it is further

**ORDERED that pending the hearing on the Scheduling Motion**, the parties shall maintain status quo

Dated: March ___, 2024
New York New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X     Case No. 23-42029
In re:

**Margarita Onassis Parlionas**
                                                              Chapter 11
-----------------------------------------------------------X

**DECLARATION OF KARAMVIR DAHIYA PURSUANT TO LOCAL BANKRUPTCY
RULE 9077-1(A) IN SUPPORT OF AN ORDER TO SHOW CAUSE SCHEDULING
HEARING ON SHORTENED NOTICE FOR THE MOTION OF THE DEBTOR,
MARGARITA ONASISS PARLIONAS (DEBTOR) REQUESTING (1) RECONVERSION
OF THE CASE TO CHAPTER 11 (2) SCHEDULE HEARING ON THE PROPOSED
SALE OF THE REAL PROPERTIES OF THE DEBOTR AND  (3) GRANTING
RELATED RELIEF**

  TO:     **THE HONORABLE JIL MAZER-MARINO**
          **UNITED STATES BANKRUPTCY JUDGE:**

I, Karamvir Dahiya, being duly sworn, deposes and says:

        1.      1 am the counsel for the Debtor. I am admitted in, practicing in, and a member in

good standing of the bar of the State of New York and admitted to the United States District Court

for the Eastern District of New York. I have personal knowledge of the information contained

herein.

        2.      I submit this declaration, pursuant to Rule 9077-1(a) of the Local Bankruptcy Rules

for the United States Bankruptcy Court for the Eastern District of New York (the "Local

Bankruptcy Rules"), in support of the Committee's request, pursuant to Rule 9006(c) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that the Court shorten the notice period

to consider the Motions of the Debtor (1) re-conversion of the case to one under Chapter 11

(**Reconversion Motion**), (2) consider the motion to sell the real properties of the Debtor (**Sale

Motion)** and    (3)   Granting Related Relief (the **"Scheduling Motion"**), which is filed

contemporaneously herewith, and set the hearing for the Scheduling Motion on _____

1

at _____am/pm  (the "Hearing Date"). A proposed Order to Show Cause is attached hereto as Exhibit 1.

3.         Rule 9006-1(b) of the Local Bankruptcy Rules and Rule 9006(f) of the Bankruptcy Rules provide that the Scheduling Motion requires fourteen (14) days' notice of the hearing plus three (3) days for mailing.  And 21 days to consider the motion for sale of properties other than in ordinary course.  Rule 9006(c) of the Bankruptcy Rules authorizes the Court, for cause shown, to reduce the notice period. The Debtor must proceed by Order to Show Cause to shorten the notice period and scheduling a hearing for expedited consideration of the relief sought in the Scheduling Motion because the Debtor has ready buyers with ready cash  and wants to expeditiously close on the deals and for the same, the Debtor needs to be in Chapter 11 case.  The Debtor requests the Court to consider reconversion of the case to contain expenses and to protect  best interest of the creditors and Debtor. The Debtor has two ready contracts, ready to close with all cash deals and the properties are being as is without any issues to be addressed by the Debtor to make the real properties more marketable.  The Court converted the case to one under Chapter 7 because the Debtor had not filed the motion to sell the properties. Same is being remedied now.  The Court expressed some concerns about the operating reports, the same are being remedied too in consultation with the US. Trustee's office's financial analyst, Ms. Michelle Leary. We have ready buyers, but the buyers wants to close on an expeditiously manner. The real properties are being sold as is.

4.         Under the circumstances, the Debtor respectfully submits that expedited consideration of the Scheduling Motion is necessary and appropriate. Approval of the Scheduling Motion will save time and a buyer for the real properties being sold as is.

5.      As required by Local Bankruptcy Rule 9077-1(a), no previous application for similar relief has been made.  Accordingly, the Debtor respectfully requests that the Court enter an order, in the form attached hereto as Exhibit 1, granting the Debtor's request to schedule a hearing, shorten the notice periods, and grant such relief as this Court deems just and proper.

6.      I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.


Dated: New York NY
March 18, 2024,                                     Dahiya Law Offices, LLC

                                                    _/s/karamvirdahiya_
                                                    Karamvir Dahiya
                                                    75 Maiden Lane, Suite 606
                                                    New York NY 10038
                                                    Tel: 212 766 8000
                                                    karam@dahiya.law

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X    **Case No. 23-42029 (JMM)**
**In re:**

**Margarita Onassis Parlionas**
                                                          **Chapter 11**
--------------------------------------------------------X

### MOTION TO CONVERT CASE TO CHAPTER 11, AND UPON CONVERSION APPROVAL THE SAL OF THE REAL PROPERTIES OF THE DEBTOR

Margarita Onassis Parlionas (the "Debtor"), as and for her application to convert this case to chapter 11, and upon conversion, setting a hearing on the Debtor's motion proposed motion for sale of the real properties are as fully described in the attached motion to sell the properties and reducing the statutory time for consideration thereof, respectfully present:

### <u>BACKGROUND</u>

1.      On March 13, 2024, the Court converted the case to a Chapter 7 case.  The conversion of the case happened because the Court found a delay in the disposition of the real properties of the Debtor and also inadequacy of the operating reports.  The same is being remedied now.  Attached is the motion to sell with fully executed contract, real properties are ready to be sold.  The Debtor is in touch with the U.S. Trustee office for curing deficiencies of the operating report. The Chapter 11 plan is being amended to pay pro rata distribution to all unsecured creditors and to comport with the confirmable standard.

2.      Your Honor, conversion to Chapter 7 would only jeopardize the estate, would not only add dramatically to the estate expenses, it would impose professionals that would create more issues, especially when the Debtor estate is dependent on the findings of the divorce court and a contested divorce.

### RELIEF REQUESTED HERIEN

1

3.      Section 706 of the Bankruptcy Code governs the conversion of a Chapter 7 case to one under Chapter 11 and provides, in pertinent part, as follows:

(b) On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706.  Under Section 706(b) of the Bankruptcy Code, a party in interest can request conversion of a Chapter 7 case to one under Chapter 11 of the Bankruptcy Code at any time. *See* 11 U.S.C. § 706(b). Parties in interest may also request reconversion of bankruptcy cases under this section of the Bankruptcy Code. *See, e.g., In re Texas Extrusion Corp.,* 844 F.2d 1142, 1161 (5th Cir.1988); *Mariah Bay Leasing Corp v. Credit Union Liquidity Services Inc.,* No. 3:1 l-CV-029, 2011 WL 2586761 at *3 ("Mariah Bay is correct in asserting that Section 706(b) does in fact allow courts to reconvert a case previously converted to Chapter 7 back to a Chapter 11 case.").

4.      Annexed hereto is the Debtor's proposed motion to sell the real properties with cash value with a ready buyer and ready to close.  Also the Debtor is curing the defects in the filed combined plan ("Plan") and disclosure statement ("Disclosure Statement") filed with the court.  The only issue the Court pointed out was the treatment of the unsecured creditors.  The Plan was filed to show to the Court that the Debtor is serious about the disposition of the assets and as well as retain a capacity to have a plan confirmed.   The Debtor has the ability to repay all secured creditors in full under the Plan from cash on hand that results from the sale of the real properties. The Plan is likely to be confirmed because no secured creditor is impaired, [impaired unsecured creditors are insider, and a few of other creditors have consented to reduction in payment ] and the monies

obtained from the sale would be enough to consummate the Plan, and all parties in interest would benefit from the case being reconverted to Chapter 11 .

5.      By this application, therefore, the Debtor also seeks an order scheduling a hearing to consider the approval of the sale of the properties and shortening time in connection therewith so that so that the sale could occur expeditiously.

6.      All parties stand to gain from the sale of the real properties. All cash from the sale would be available to pay off the creditors. The forthcoming revised Plan shall make payments *pro rata* based on whatever is left of the sale proceeds after having paid the secured creditors.

7.      Also, Your Honor, we will have to wait for the final disposition of the findings of facts etc. from the state court regarding the ultimate's sums to be allocable to the parties. For now, the concern was the real properties taxes and insurances. Sale of the properties allay those concerns. After the sale, the plan make available all sale proceeds to the creditors [upon the finality by the state court and further approved by the bankruptcy court], solicitation of acceptances and rejections is essentially a formality.

8.      The Debtor pledges to move fast with its obligations under the Bankruptcy Code. The Court has already allowed the Debtor to move by a combined Plan and Disclosure Statement. The confirmation of the plan is not too far and it would be swiftly carried out.  The main concern of the court was the property tax and insurance, same will be satisfied from the sale of the properties. Also, this is not a typical case of a creditor and debtor, bigger part of this case is a divorce proceeding, a chapter 7 case with imposition of other professionals would only add wrinkles to the situation, expand the cost of the administration of the estate.   Reconversion of the case would be benefit not just the debtor, but also the creditors, and other parties. When the issues have been remedied, there is no reason to have the case to be in Chapter 7 case.   "The courts

permitting reconversion have    properly    recognized    that    the    decision    whether    to permit reconversion should rest in the sound discretion of the court based on what most inures to the benefit of the parties in interest." 6 Collier on Bankruptcy P 706.04 (16th 2023)    And this case warrants the Court's discretion.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant the order to show cause regarding conversion of the case and to consider sale of the properties and that the Court grant such other further and different relief as may be just and proper.

Dated: New York, New York
March 18, 2024

*/s/karamvirdahiya*
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 606
New York NY 10038
Tel:  212 766 8000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X    Case No. 23-42029
In re:

**Margarita Onassis Parlionas**
                                                    Chapter 11
--------------------------------------------------------X

.    **DEBTOR'S ORDER TO SHOW, MOTION FOR ENTRY OF ORDER (A)
APPROVING REAL ESTATE PURCHASE AGREEMENT OUTSIDE THE
ORDINARY COURSE OF BUSINESS, (B) AUTHORIZING THE SALE OF THE
REAL ESTATE FREE AND CLEAR OF THE ALL LINES, CLAIMS,
ENCUMBERANCES AND INTERESTS PURSUANT TO SECTION 363(b), (f) and (m)
OF THE BANKRUPTCY CODE**


 TO:    **THE HONORABLE JIL MAZER-MARINO
           UNITED STATES BANKRUPTCY JUDGE:**

Margarita Onassis Parlionas the above-captioned debtor and debtor-in-possession (the "Debtor), through their undersigned counsel, Dahiya Law Offices, LLC hereby submit this Motion (the "Sale Motion") seeking the following relief:

By this motion (the "Motion"), the Debtor seeks approval of, among other things (a) the sale by the Debtor of its real estate assets consisting of two real properties located at 15722 Powells Cove Blvd, White, New York 11357 ("**Whitestone Property**") and 1331 SE 8th Ct. Deerfield Beach, FL 33441 (**Florida Property)** (collectively the "**Real Properties**") to 35 Madison Joyn John LLC  (**35 Madison)**  and Vladimir Vinogradvo Revocable Living Trust (**Trust**) respectively [and collectively referred as the **"Buyers"**], pursuant to the terms of a contracts of sale (the **"Contracts"**), copies of which are  annexed hereto as **Exhibits "A"**  and **"B"**, that has been negotiated among the Debtor and  the Buyers for a private sale to be held, free and clear of all liens, claims, interests and encumbrances pursuant to Sections 105(a) and 363(b), (f), (m), 365,

1

503(b) and 507 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 6004 and 9014 and (b) other related relief as set forth below.

The Debtor has determined that a prompt sale of the Real Property is essential and necessary to maximize the value thereof for the Debtor's estate and that a sale of the property will maximize the recovery to creditors. The Debtor believes that the terms and conditions of the proposed Contracts are fair and equitable and that any delay in consummating the sale of the Assets may result in the loss of Buyer as a potential buyer. The Debtor submits that the proposed sale is in the best interest of the Debtor's estate and should be approved by the Court.

## PRELIMINARY STATEMENT

As described in the filed statements and other pleadings, the Debtor filed the Chapter 11 Cases as a result of pending state court divorce action and the coercive mechanism of the state court to obtain payments from the Debtor at the peril of jail. The Debtor has no liquid cash to meet her obligations.  In order to wrap up the litigation and several attendant issues, the Debtor has decided to sell the Real Properties.  By this Sale Motion, the Debtor now seeks to commence that process, which the Debtor believe is designed to test the market for the highest and best value available under the circumstances.

Prior to the filing of the Sale Motion, the Debtor has had been marketing the Real Properties extensively through her contacts and then some brokers who voluntarily marketed the property to earn their commission. None of the brokers were retained barring Ms. Olga Cadieu for Florida Property.   Now, having obtained the best possible value of the marketed Real Properties, the Debtor in her business judgment has decided to have a private sale of the said Real Properties. After considering the present facts and their options, the Debtor decided, in her business judgment, that having a private sale without an auction was the best path toward. The Debtor believes that

the process envisioned by this proposed sale and other relief sought herein will result in a full and fair process that will have highest and best offer obtainable under the present circumstances. It is been maintained by the co-owner of the Real Properties, Mr. Athanasios Parlionas, that he consent to the sale of the said properties.

For these reasons, as more fully described herein, the Debtor respectfully request that the Court grant the Motion.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), and Rule 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.       On June 7, 2023 (the "Petition Date"), each of the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code commencing the above captioned chapter 11 case (the "Chapter 11 Case").

5.      The Debtor continues to be in control of her properties as Debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

### DEBTOR BACKGROUND AND EVENTS PRECIPITATING THE CHAPTER 11 FILING

The Debtor, now in the divorce litigation, has the following three real properties:

  i.      157-22 Powells Cove, Blvd, Beechhurst, NY, 11357 (Whitestone Property)
  ii.     1331 SE 8th Ct, Deerfield Beach, FL  33441 (Florida Property); and
  iii.    A piece of land at SBL 93-1-45 Town of Oppenheim in upstate New York (the "Land")

6.    The foregoing properties have substantial equity.   The Florida Property has been marked for sale for a sum of $550,000 and Whitestone Property for $1,350,000, the subject matter of this motion.  The Land is still being marketed and motion for the retention of the broker Ms. Brittanny Serow would soon be filed.

7.    The Whitestone Property is a marital property.   Athanasios Parlionas, the estranged husband of the Debtor apprehending the filing of the divorce petition in the period between October 2, 2015, to October 17, 2015, drew over $700,000 from a Wells Fargo Prime Equity line of credit secured by the Whitestone Property, into personal bank accounts,  by first drawing funds into the Modern Technology Contracting Corp. (a closed corporation since  June 28, 2013), Wells Fargo bank account, to be followed by transferring the funds further to his personal bank accounts. The said Equity Line of Credit is a  business line of credit in name of Modern Technology, a company wholly owned by Mr. Parlionas. Upon information and belief, Mr. Parlionas has not paid any monthly payments towards this line of credit since October 2023.  The Whitestone property has a buyer for $1.350m.  **Attached is the contract. A.** The Debtor is not the obligor on this line of credit debt.

8.    The Florida Property is also co-owned with Mr. Parlionas.  As with Whitestone, in and around October 2015, Mr. Parlionas extracted more than $150,000 in line of credit with Florida Property as the collateral.  At the time of the transaction, less than $150,000 was owed in mortgage to Wells Fargo Bank.   Upon information and belief, Mr. Parlionas has not paid any monthly payments towards this line of credit since October 2023.  The Florida Property has a buyer for $550,000.  **Attached is the contract. B**.   The Debtor is not the obligor on this line of credit debt.

9.      Pursuant to the Bar Date Order, entered August 11, 2023, the Bankruptcy Court established November 25, 2023) as the deadline for Creditors (including the Governmental Units) to File proofs of claim in the Chapter 11 Case. Notice of the Bar Dates was served on all potential Creditors of the Debtor's Estate on August 21, 2023.

10.     For the sale of Whitestone Property, the Debtor was in the process of retaining brokers, but finally had all-cash buyer, a business developer.  The sale at the contemplated price was $1.4 million, however the deal did not go through.  But the Debtor could finally get a new contract, new buyer for $1.350m. There is no broker commission for this property.  The Whitestone property at its best was not more than $14m.   It is all cash deal. The parties are ready to close. Attached is the proof of funds along with the signed contract. A downpayment of $25,000 has been made.

11.     For the sale of the Florida Property, the Debtor retained real estate professionals, Olga Cadieu of MVP Realty Associates, LLC which has been extensively marketing the property and have been able to obtain some very sanguine offers. The Debtor, with the assistance of the retained brokers, have conducted a robust marketing effort over the last several weeks.  Although initial indications of interest from prospective buyers in the proposed sale were positive, the potential buyers had mortgage contingency or other conditions that the retained broker and the Debtor decided won't be expedient. The best offer came from the extant buyer, all cash and ready to close. Therefore, the Debtor requests that the Court approve the Contracts on an expedited basis.

### THE MARKETING OF THE REAL PROPERTIES

12.    Following the Petition Date, the Debtor and her professional advisors began extensively soliciting offers for the purchase of the said properties.

13.    As of the time of the filing of this Sale Motion, since the first marketing efforts by respective brokers of the Real Properties began, after several parties expressed interest and were willing to buy, but none exceeded the instant Buyers in terms of the sale price and contingencies.

### NEED FOR A TIMELY SALE PROCESS

14.   The need for a prompt sale process is evident from the circumstances that caused the filing of the Chapter 11 Cases as described above and more fully in the filed statements in this Court and pending divorce proceedings. Also, the Debtor needs to attend to her liabilities, which are more as attorneys fees and she needs to have a fresh start.

15.    Absent the Proposed Sale contemplated by this Sale Motion, the Debtor believe they may not be able to realize the maximum value of her real property for the benefit of all stakeholders. Thus, a prompt sale is necessary to ensure that such property be sold as a going concern.

### PROPOSED PRIVATE SALE AND PROTECTIONS

16.    Upon entry of the Private Sale Order, the Debtor shall further cause the notice to be served by first class mail upon (i) the Office of the United States Trustee; (ii) all Persons who have filed claims in these cases; (iii) all creditors listed on the Debtor's bankruptcy petition schedules; (iv) all parties who have asserted an interest in the Properties; and (v) all entities that have requested notice pursuant to Bankruptcy Rule 2002 of the date of the closing on the said Real Properties.

17.    The Debtor submits that the foregoing notice is sufficient to provide effective notice of the Private Sale to all parties entitled to notice in a manner designed to maximize the chance of obtaining the broadest possible participation in the sale process while minimizing costs to the

estate. Accordingly, the Debtor requests that the Court find this manner of notice sufficient and that no further notice is necessary.

18.     The Private Sale shall occur as schedule on or around within 15 days of the entry of the Order permitting sale of the Real Properties.

19.     The Buyers are not an insider (as defined in section 101(31) of the Bankruptcy Code) of the Debtor.

20.     The Buyer will have no obligations arising as part of the sale except as set forth in the Agreement besides paying the transfer taxes on the sale of the Real Property.

21.     The proposed sale to Buyer is a private sale. No auction is to occur with respect to the Sale. For Whitestone Property, the Debtor's real estate proposed closing attorney Aggeliki Psonis is has received a @25,000 deposit for the sale price of $1.350 million.   For the sale of Florida Property, no attorney is retained or will be retained, as Florida allows closing through the Title Company, which in this case is InDeed Title Corp.  A preliminary statement reflecting the costs etc. has been attached herewith along with the contract.

22.     The Real Property has no tenants at present and its shall be delivered so to the Buyer.

### RELIEF REQUESTED AND BASIS THEREOF

**A. <u>The Proposed Sale is Within the Debtor' Sound Business Judgment and Notice is Good and Sufficient</u>**

23.     The Debtor submit that sufficient authority exists for approval of the Proposed Sale. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

24.      In applying this provision, courts in this and other districts have required that the sale of a Debtor' assets be based upon the sound business judgment of the Debtor. See, e.g., *Official Comm.*

*of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp.* (*In re Chateaugay Corp.*), 973 F.2d 141, 143-145 (2d Cir. 1992) (holding that a judge reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application*); Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983) (same).

25.     In *re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983), one of the seminal and most widely followed cases dealing with asset sales, the Second Circuit held that the factors to be considered in determining whether a sound business reason exists include the following:

> the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value.

Id. at 1071 (emphasis supplied).

26.     The Lionel decision has been widely accepted and applied by various courts considering a debtor's request to sell assets, including requests to approve a sale of certain of the assets of a debtor's estate. See, e.g., *In re the Delaware & Hudson* Ry. Co., 124 B.R. 169 (D. Del. 1991); *In re Eng'g Prod. Co.,* 121 B.R. 246 (Bankr. E.D. Wis. 1990); *In re Thomson McKinnon Sec., Inc.*, 120 B.R. 301 (Bankr. S.D.N.Y. 1990); *In re Channel One Communications, Inc.*, 117 B.R. 493 (Bankr. E.D. Mo. 1990); *In re Brethren Care*, 98 B.R. 927 (Bankr. N.D. Ind. 1989).

27.      Once a court is satisfied that there is a sound business justification for the proposed sale, the court must then determine whether: (i) the Debtor have provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith. See *Polvay v. B.O. Acquisitions, Inc.* (*In re Betty Owens Sch., Inc.),* No.

96 Civ. 3576 (PKL), 1997 WL 188127, at *4 (S.D.N.Y. Apr. 17, 1997); *In re Del. & Hudson Ry. Co.,* 124 B.R. 169, 176 (D. Del. 1991); *In re Decora Indus., Inc.,* No. 00-4459 (JJF), 2002 WL 32332749, at *2 (D. Del. May 20, 2002). The sale price is indeed reasonable and best price is being paid, as is clear from the value of the Real Properties as mentioned online.

28.     Fair and accurate notice should inform all interested parties of the liquidation of the Debtor' businesses; disclose accurately the terms of the sale; explain the effect of the sale upon the Debtor' businesses; and explain why the sale is in the best interests of the Debtor' estates. *In re Delaware & Hudson Ry*., 124 B.R. at 180; *Naron & Wagner, Chartered*, 88 B.R. 85, 88 (Bankr. D.Md. 1988). Here it is amply illustrated as to why the sale is the better recourse for the Debtor just cannot afford to maintain payments on the Real Properties, also she is not responsible for the debts owed on the properties.

29.     Moreover, the Debtor submits that the notice provisions previously described herein to the Notice Parties will ensure that full and fair disclosure, as well as the opportunity to object, will be afforded to all creditors and parties in interest. There is though no reason to object as the sale results in enough proceeds to satisfy any party.

30.     For these reasons, the Debtor submit that the Proposed Sale meets the requirements of Section 363(b) of the Bankruptcy Code.

## B.     Sale Free and Clear of Liens, Claims, Encumbrances and Interests

31.     Pursuant to section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell property of the estate: free and clear of any interest in such property of an entity other than the estate if (1) applicable non bankruptcy law permits the sale of such property free and clear of such interest, (2) such entity consents, (3) such interest is a lien and the price at which such property is

to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in

bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding,

to accept a money satisfaction of such interest. 11 U.S.C. § 363(f). See *In re Elliot,* 94 B.R. 343,

345 (E.D. Pa. 1988) (Section 363(f) is written in the disjunctive; a court may approve sale "free

and clear" provided at least one of the subsections is satisfied). There is no doubt here that, the

price at which such property is to be sold is greater than the aggregate value of all liens on such

property.  The sole secured creditor is Wells Fargo business line of credit as incurred by Mr.

Parlionas with a claim of  approximately 1.1 m (disputed), the sale proceeds shall be more than

enough to satisfy their claim.

32.     The Debtor submit that the Proposed Sale, meets the test set forth in section 363(f)(2), in

that any party holding liens against the Real Properties, have or will consent to the Proposed Sale.

In addition, the liens of the said entity will attach to the net proceeds from the Proposed Sale with

the same validity, enforceability, priority, force and effect that they now have as against the Real

Properties.

33.     Accordingly, the Debtor submit that the Proposed Sale, free and clear of all liens, claims,

encumbrances and interests, meets the requirements of Section 363(f) of the Bankruptcy Code.

## C. <u>Protections as a Good Faith Purchaser</u>

34.     Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in

property purchased from a debtor in the event that the sale conducted under section 363(b) of the

Bankruptcy Code is later reversed or modified on appeal. Specifically, section 363(m) provides:

> The reversal or modification on appeal of an authorization under [section
> 363(b)] ... does not affect the validity of a sale ... to an entity that purchased
> ... such property in good faith, whether or not such entity knew of the
> pendency of the appeal, unless such authorization and such sale ... were
> stayed pending appeal.

11 U.S.C. § 363(m).

35.    Section 363(m) of the Bankruptcy Code "affords 'finality to judgment by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids.'" *Reloeb Co. v. LTV Corp.* (*In re Chateaugay Corp.*), No. 92 Civ. 7054 (PKL), 1993 WL 159969, at *3 (S.D.N.Y. May 10, 1993) (quoting *Anheuser- Busch, Inc. v. Miller* (*In re Stadium Mgmt. Corp.*), 895 F.2d 845, 847 (1st Cir. 1990)); see also *Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal."); *In re Stein & Day, Inc*., 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("[P]ursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal."). In the Second Circuit, a bankruptcy court need not make an explicit finding of good faith in order to authorize a purchase under the Bankruptcy Code. *See Harbison-Fischer Mfg. Co. v. Zinke In re Zinke,* 97 B.R. 155, 156 (E.D.N.Y. 1989) (duty to make explicit good faith finding prior to authorizing sale or lease of property of estate "has not been imposed by the Second Circuit or the United States Supreme Court").

36.    The Second Circuit has indicated that, generally, a party would have to show fraud or collusion between the buyer and the Debtor-in-possession or trustee or other bidders in order to demonstrate a lack of good faith. See *Kabro Assocs. of W. Islip, LLC v. Colony Hill Assocs.* (*In re Colony Hill Assocs.*), 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a [buyer]'s good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."); see also In re Angelika Films 57th, Inc., Nos. 97 Civ. 2239 (MBM), 97 Civ. 2241 (MBM), 1997

WL 283412, at *7 (S.D.N.Y. 1997) (same; holding that purchaser's status as an insider was not per se bad faith). Because there is no bright line test, courts examine the facts of each case by concentrating on the "integrity of [an actor's] conduct in the course of the sale proceedings." *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (quoting, *In re Rock Indlis. Mach. Corp.*, 572 F.2d II 95, 1198 (7th Cir. 1978)).37.    In the present case, the Contract is the product of arm's length negotiations among the Debtor, the Secured Lender, and the Buyer. There is no legal relationship between Buyer and the Debtor or the Buyer and the Secured Lender.  See the Buyers' Affidavit. As a result, Movant believes that Buyer and any third party Buyer should be afforded the protection of §363(m) of the Bankruptcy Code.  Here, the Debtor submit that she will engage in the sale process in good faith and in arms' length with the potential buyers and the proposed sale will be the product of the arm's length, good-faith negotiations.

37.    For these reasons, the Debtor request a finding that the Buyer is a good-faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.

**D. The Private Sale is  Fair and Reasonable and are in the Best Interests of the Debtor' Estates and Creditors**

38.     In order to maximize the value of the assets for the benefit of the Debtor, her creditors and the chapter 11 estate, the Debtor seek to have a private sale for the Asset that is designed to generate a maximum recovery. The Debtor believes and having marketed the Real Property extensively through retained broker that contract scheduled price is the best and highest in the relevant market. The Florida Property was initially being sold by Mr. Athanasios Parlionas for a sum way less than this present new contracted price.  The Whitestone Property is being sold for $1.350m, close to its market price of $1.4 million without any broker.  The broker commission alone would have taken $70,000 of the sale proceeds.  Also, there are several defects with the property.  The Whitestone is being sold "AS-IS" (see contract first page). It is all cash deal.

45.     For these reasons, the Debtor submits that the Private Sale should be approved.

**E. Request for Relief Pursuant to Bankruptcy Rules 6004(h) and 6006(d)**

39      Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Bankruptcy Rule 6006(d) further provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d).

40.      To preserve the value of the assets and limit the costs of administering and preserving the assets, it is very important that the Debtor close on the Proposed Sale as soon as possible after all closing conditions have been met or waived. Accordingly, the Debtor request that the Court waive the stay periods under Bankruptcy Rules 6004(g) and 6006(d).

41.     Bankruptcy Rules 2002 and 6004 require 21 days' notice of a motion under §363 of the Bankruptcy Code. Bankruptcy Rules 6004, and 9007 give the Court general authority to regulate the procedures to be followed in connection with the sale of assets by a debtor outside the ordinary course of business and to regulate the form and manner of notices in connection with such sales.

**NO PRIOR REQUEST**

42.     No previous request of the relief sought herein has been made by the Debtor to this or any other court.

**CONCLUSION**

**WHEREFORE**, for all of the foregoing reasons, Movant respectfully requests that this Court: approve the OSC, scheduling a date for the hearing on Private Sale and the hearing at which the sale under the Contracts will be approved and grant such other and further relief as is just or prop

Dated: New York, New York
March 18, 2024

**Dahiya Law Offices, LLC**

**/s/**_____
**Karamvir Dahiya, Esq.**
**75 Maiden Lane Suite 506**
**New York NY 10038**
**Tel: 212 766 8000**
**Email: karam@dahiya.law**