UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

                                                   Chapter 7
IN RE:                                               Case No. 23-42029-jmm

MARGARITA ONASSIS PARLIONAS,

                          Debtor.
----------------------------------------------------X

## AFFIRMATION IN OPPOSITION

Richard A. Klass, Esq., an attorney duly admitted to practice in the courts of the State of New York and the federal courts of the Southern and Eastern Districts of New York, affirms the following under penalty of perjury.

1. This affirmation is made by counsel to Athanasios Parlionas ("Mr. Parlionas") in opposition to the Order Show Cause of the Debtor for an Order re-converting this Chapter 7 case to Chapter 7 under section 707(b) of the Bankruptcy Code (the "Motion").

2. Mr. Parlionas urges that this Court deny the Order to Show Cause. It is respectfully argued that this case may not be reconverted pursuant to the Bankruptcy Code; that there was and continues to be more than sufficient grounds, namely "cause," to convert the case to Chapter 7 in the first instance, which is why the relief requested should not be granted now; and that the case should be administered as a Chapter 7 case.

## THE DEBTOR IS PRECLUDED FROM RECONVERSION PURSUANT TO 11 U.S.C. § 706(a)

3. The Debtor makes her motion to reconvert her Chapter 7 case to Chapter 11 pursuant to 11 U.S.C. § 706(b). However, the Debtor fails to acknowledge that section 707(a) specifically excepts a Debtor from converting a case if it has been converted pursuant to Section 1112, as has been done in this case. Section 706(a) states: "The debtor may convert a case under

this chapter to a case under chapter 11, 12, or 13 of this title at any time, <u>if the case has not been converted under section 1112,</u> 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable." 11 U.S.C.A. § 706(a)(emphasis added).

4.  There are several courts that have interpreted this language as barring a debtor from seeking reconversion outright. *See In re First Connecticut Consulting Group, Inc*., 579 B.R. 673, 682 (Bankr. D. Conn. 2018) (*citing In re Muth*, 378 B.R. 302, 303 (Bankr. D. Colo. 2007); *In re Hardin*, 301 B.R. 298, 299–300 (*Bankr. C.D. Ill*. 2003); *In re Banks*, 252 B.R. 399, 403 (Bankr. E.D. Mich. 2000); *In re Vitti*, 132 B.R. 229, 230–31 (Bankr. D. Conn. 1991)). Here, because the Debtor's case was converted pursuant to section 1112(b), the Debtor should be precluded from reconverting her case.

<u>IMMEDIATE GROUNDS FOR CONVERSION STILL EXIST</u>

5.  Even if the Court should find that the Debtor is permitted by section 707(b) to reconvert, the statute's language is permissive, and it is still within the Court's discretion to deny the Motion. *See First Connecticut*, 579 B.R. at 682. Some courts review the factors identified in 11 U.S.C. § 1112(b) in deciding whether to convert because, "[i]f cause exists to reconvert from Chapter 11 under § 1112(b), conversion from Chapter 7 under section 706(b) would be a futile and wasted act." *Id.* (quoting In re Ryan, 267 B.R. 635, 638 (Bankr.N.D.Iowa 2001); *see also* In re Gordon, 465 B.R. 683, 692 (Bankr. N.D. Ga. 2012).

6.  In this case, the Court properly found that "cause" existed for conversion under section 1112(b) for multiple reasons, including: (a) first, the Debtor caused delay and gross mismanagement of the estate, which was detrimental to the estate by failing to retain real estate brokers and sell the Debtor's properties in a timely manner; (b) the Debtor failed to file timely operating reports, and when the reports were filed, they failed to show any payment of post-

petition carrying costs,[1] causing continuing losses and diminution of the estate; (c) Post-petition taxes are accruing and unpaid by the Debtor; and (d) finally, the Debtor's filed Combined Plan and Disclosure Statement fails to contain "adequate information" pursuant to 11 U.S.C. 1129. The Plan is facially unconfirmable, as it provides unfair treatment among the same priority levels. 11 U.S.C. §1129(b)(1). For example, there is disparate treatment of the general unsecured creditors. Some unsecured creditors are paid 85% of their claims, whereas others are paid 95%, whereas Mr. Parlionas seemingly gets nothing under the Plan. Movant avers that the Debtor would be unable to effectuate a Plan based on the filed claims. There is also scandalous language and unsubstantiated accusations of fraud which have no place in a Chapter 11 Plan. The Debtor's filed Plan is evidence that the expense of the Plan process, which would be highly contested, and would be an unnecessary waste of estate resources.

### MR. PARLIONAS BELIEVES THAT THE DEBTOR'S WHITESTONE CONTRACT IS NOT THE HIGHEST AND BEST OFFER

7. The Debtor's instant Order to Show Cause improperly seeks the approval of a no-bid contract of sale. Attached as an exhibit to the motion, the Debtor is trying to obtain this Court's approval of a contract of sale for the Whitestone Home which Mr. Parlionas, upon information and belief, has learned is not even the highest and best offer!

8. No real estate broker was formally retained in the case, nor has a real estate attorney been retained as special counsel by the Debtor. However, upon information and belief, Mr. Parlionas has learned that the Debtor signed an agreement with a real estate broker, Leela Sharma, at Century 21 Bay Benjamin and turned down an all-cash offer for the Whitestone property of $1,500,000. Attached is the offer provided by Ms. Sharma, which was turned down

---

[1] It should be noted that the power was disconnected at the Florida home on 3/21/24 because the Debtor's failure to pay the electric bill and Movant recently paid to have the power reconnected on 3/22/24.

to accept the lower offer by 35 Madison John John LLC for $1,325,000,00, which is attached to the Motion. Mr. Parlionas has lost any faith in the Debtor's ability to manage and safeguard the Properties and sell the Properties so as to maximize the return to creditors. This Motion and apparent "no broker deal" is yet another tactic of delay.

9. Mr. Parlionas believes that the Chapter 7 Trustee would serve the best interest of creditors and sell the Debtor's assets in an expeditious manner so as to maximize recovery for the estate.

10. Further, the complete lack of the Debtor's transparency in her dealings with this Court should result in the denial of this motion.

WHEREFORE, it is respectfully requested that this Court deny the Debtor's motion to reconvert the Chapter 7 case to one under Chapter 11.

Dated: Brooklyn, New York  _____/s/_____
      March 25, 2024  Richard A. Klass, Esq.
                                            Attorney for Athanasios Parlionas
                                            16 Court Street, 28th Floor
                                            Brooklyn NY  11241
                                            718-643-6063
                                            RichKlass@courtstreetlaw.com