**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Alex E. Tsionis, Esq.

*Attorneys for Debra Kramer, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7

MARGARITA ONASSIS PARLIONAS                      Case No.: 23-42029-jmm
*aka* MARGARITA MARY VEKRAKOS,

                                               Debtor.
-----------------------------------------------------------X

### TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER ESTABLISHING DEADLINE FOR FILING ADMINISTRATIVE PROOFS OF CLAIM, APPROVING THE FORM AND MANNER FOR FILING ADMINISTRATIVE PROOFS OF CLAIM, AND APPROVING NOTICE THEREOF

**TO:**     **THE HONORABLE JIL MAZER-MARINO**
            **UNITED STATES BANKRUPTCY JUDGE**

Debra Kramer, the Chapter 7 Trustee (the "Trustee") of the estate of Margarita Onassis Parlionas *aka* Margarita Mary Vekrakos (the "Debtor"), by and through her attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for her application (the "Application") seeking the entry of an order, substantially in the form of the proposed order (the "Proposed Order") annexed hereto, under sections 105 and 503(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) establishing an administrative bar date by which requests for payment of certain administrative expenses that accrued between June 7, 2023 and March 18, 2024 (the "Pre-Conversion Period"), must be filed; (ii) approving the form and manner for filing such claims; and (iii) approving notice thereof, and respectfully sets forth and represents as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408, *et seq.*

3. The statutory predicate for the relief requested herein are sections 105 and 503(a) of the Bankruptcy Code, and Rule 3003(c) of the Bankruptcy Rules.

## PROCEDURAL HISTORY AND BACKGROUND

4. On June 7, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On March 18, 2024, the Court entered an Order [Dkt. No. 95] converting the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

6. Thereafter, Debra Kramer was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became of the permanent Chapter 7 Trustee of the Debtor's estate.

## RELIEF REQUESTED

7. Under section 503(a) of the Bankruptcy Code, "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." This section was amended in 1994 to clarify Congress' intent that bankruptcy courts have the authority to set a bar date for payment of administrative expenses. Additionally, Rule 3003(c) of the Bankruptcy Rules requires that the Court fix a time within which proofs of claim, including requests for payment of administrative expenses (the "Administrative Proof of Claim"), must be filed.

8. The circumstances of the Debtor's Chapter 7 case justify the setting of an administrative expense bar date (the "Administrative Bar Date") at this time. The Trustee believes it is appropriate to set an Administrative Bar Date at this time so that she may evaluate the universe

of Administrative Proofs of Claim for fees and expenses allegedly incurred during the Pre-Conversion Period and seek a judicial determination as to the validity of same if and where appropriate.

9. Under section 503(a) of the Bankruptcy Code and Rule 3003(c) of the Bankruptcy Rules, the Trustee respectfully requests that the Court fix the Administrative Bar Date, by which any Administrative Proofs of Claim allegedly incurred during the Pre-Conversion Period must be filed. By this date, all parties who allegedly hold an Administrative Proof of Claim incurred in the Pre-Conversion Period, to wit, June 7, 2023 and March 18, 2024, must file a request for payment or be forever barred from asserting such claims. The Trustee submits that, based upon the notice procedures set forth below, such date will give all creditors sufficient time to prepare and file requests for payment of Administrative Proofs of Claim.

10. Any person or entity asserting an Administrative Proof of Claim which was allegedly incurred during the Pre-Conversion Period shall be required to file an original written proof of claim on or before the Administrative Bar Date. Original proofs of claim must be filed electronically through the Court's electronic filing system or received on or before the Administrative Bar Date by the Clerk of the Court as set forth below:

> United States Bankruptcy Court
> Eastern District of New York
> 271-C Cadman Plaza East
> Suite 1595
> Brooklyn, NY 11201-1800

11. Proofs of claim sent via facsimile or telecopy shall not be accepted. The Trustee requests that this Court order that all such Administrative Proofs of Claim be deemed timely filed only if actually received on or before the Administrative Bar Date.

12. The following persons or entities are not required to file an Administrative Proof of Claim on or before the Administrative Bar Date:

(a) The Office of the United States Trustee, in connection with fees due and payable pursuant to 28 U.S.C. § 1930;

(b) Any person or entity who has already properly filed an Administrative Proof of Claim; and

(c) Any person or entity whose Administrative Proof of Claim has been previously allowed by an Order or Orders of this Court.

13. Among certain other Administrative Proofs of Claim, the Proposed Order requires persons or entities asserting the following types of Administrative Proofs of Claim arising during the Pre-Conversion Period to file requests for payment of such claims on or before the Administrative Bar Date: (a) any Administrative Proof of Claim for services rendered to the Debtor, whether legal or otherwise, during the Pre-Conversion Period; (b) any Administrative Proof of Claim representing a personal injury or other tort claim against the Debtor; (c) any Administrative Proof of Claim for breach of an obligation – contractual, statutory, or otherwise – by the Debtor; and (d) any Administrative Proof of Claim pursuant to Section 503(b)(3)(A)-(D) or 503(b)(4) of the Bankruptcy Code.

14. Any holder of an Administrative Proof of Claim that is required to file an Administrative Proof of Claim in the form and manner specified herein, but fails to do so on or before the Administrative Bar Date, should be forever barred and enjoined from asserting such claim against the Debtor, and the Debtor's respective property (or filing a proof of claim with respect thereto), and the Debtor shall be discharged of all indebtedness or liability with respect to any such claim.

15. Under Bankruptcy Rule 2002(a)(7), the Trustee shall mail an Administrative Bar Date Notice upon the entry of the Proposed Order, in a form substantially similar to the notice annexed hereto as **Exhibit "A"**, to:

(a) The Office of the United States Trustee;

(b) The Debtor and her counsel;

(c) All potential creditors listed on the Debtor's schedules at the addresses contained therein;

(d) The Internal Revenue Service Special Procedures;

(e) All parties to litigation with the Debtor;

(f) All persons and entities requesting notice pursuant to Rule 2002 of the Bankruptcy Rules as of the date of the entry of an Order approving this Application;

(g) All parties who have filed a notice of appearance in the Debtor's Chapter 11 Subchapter V case; and

(h) All holders of Administrative Proofs of Claim, if any, known to the Debtor or to the Trustee as of the date of entry of the Proposed Order.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form of the annexed Proposed Order: (i) establishing an Administrative Bar Date; (ii) directing notice thereof; (iii) approving the form and manner for filing such claims; together with (iv) such other, further and different relief that this Court deems just, proper and equitable.

Dated: June 3, 2024
      Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Alex E. Tsionis*
Alex E. Tsionis, Esq.
38 New Street
Huntington, NY 11743
Tel: (631) 423-8527
atsionis@ajrlawny.com

*Counsel to Debra Kramer,*
*Chapter 7 Trustee of the Estate*
*of Margarita Onassis Parlionas*
*aka Margarita Mary Vekrakos*