# Exhibit "L"



PO Box 716, Portland, ME 04104

Phone: (800) 252-4670
Facsimile: (800) 664-5358
Email: uspropertyclaims@chubb.com

August 20, 2025

*Via First Class Mail and Certified Mail, Return Receipt Requested*

Debra Kramer, Esq.
10 Gingerbread Lane
East Hampton, NY 11937

Re: Named Insureds: Margarita Parlionas and Athanasios Parlionas
     Policy No.: 14379049-05
     Writing Company: Chubb National Insurance Company
     Claim No.: 040523038083
     Date of Loss: Reported as 09/07/2023

Dear Ms. Kramer:

We write to you in your capacity as Chapter 7 Trustee in the U.S. Bankruptcy Court, Eastern District of N.Y. case concerning debtor Margarita Parlionas, case number 1-23-42029-JMM. We are transmitting copies of this letter to your attorney Alex E. Tsionis, Esq., to Ms. Margarita Parlionas, to Mr. Athanasios Parlionas and to his attorney Hillary F. Schultz, Esq.

We write to advise you and the other recipients of this letter that Chubb National Insurance Company ("Chubb") rescinds and withdraws the proposal, extended on January 29, 2025, to pay $144,569 to you, as Chapter 7 Trustee, in satisfaction of the claim arising out of the reported loss of a scheduled ring, subject to the condition that upon such payment Chubb would be relieved of all liability to you as Trustee, to Mr. Parlionas, and to all other potential claimants. Chubb rescinds and withdraws the aforesaid proposal because of recent developments described in this letter, which compel us to deny the claim, outright and in its entirety.

We deny the claim because Ms. Parlionas has professed to have found the ring she previously claimed to have lost and she has relinquished the ring to you, as Trustee, or to your designee. Consequently, there was and is no physical loss of or concerning the ring.

We also deny the claim because the ring Ms. Parlionas claimed she lost, and which ring we understand was recently in the possession of your designee MYC & Associates, is not the ring scheduled in Chubb policy number 14379049-05. Therefore, policy number 14379049-05 affords no valuable articles coverage for the ring in your designee's possession and, as we have said, that ring has not sustained physical loss. This letter elaborates on the preceding grounds for denying the claim and reserves our right to assert additional grounds for denying the claim.

On September 7, 2023 Ms. Parlionas gave us notice, under Chubb policy number 14379049-05, of the loss of a scheduled ring.  The only article scheduled in this policy was described in the policy as follows:

> LADYS DIAMOND PLATINUM ENGAGEMENT RING
> W 3.1 TCW ; 2.5 CARAT CHANEL SET BAGUETTE CUT
> DIAMONDS CTR DIA IS D COLOR, VVS-1 CLARITY           $   144,569

The above policy description of the scheduled ring appears to be derived from the GNK Designers of Fine Jewelry appraisal dated August 18, 2003, which both Ms. Parlionas and Mr. Parlionas separately provided to Chubb during the investigation of the claim.  The GNK appraisal describes the ring as follows: "Engagement ring in platinum with one 3.01 carat diamond in the center and two .50 carat channel set, baguette-cut diamonds on the sides.  The center diamond is D color, VVS1 clarity (GIA Cert. #10307076).  Two baguette-cut diamonds are matching quality.  The ring is made with an excellent craftsmanship."

On March 12, 2025, Mr. Tsionis sent an email to Ms. Parlionas with copies to Chubb's attorney and others, confirming the substance of her telephone call to him on that date.  In the words of the email Ms. Parlionas "found the lost ring that is the subject of the Chubb insurance claim."  In the email Mr. Tsionis directed Ms. Parlionas to safeguard the ring pending its turnover to you, as Trustee.  Subsequently, as we understand it, you, as Trustee, through your designee MYC & Associates, took possession of the ring.  In April 2025 Mr. Tsionis made Chubb's attorney aware that the ring had been examined and it was determined that its center stone was not a genuine diamond.  In May 2025 Mr. Tsionis made Chubb's attorney aware that a jeweler consulted by MYC & Associates determined that the ring's center stone was a cubic zirconium.

Jillian Beck of Gurr Johns, at Chubb's request, examined the ring at the offices of MYC & Associates.  Ms. Beck's enclosed July 18, 2025 report describes the ring in detail and includes the following observations: (1) its setting was "14 karat white gold"; (2) its center stone was a "round brilliant-cut diamond simulant" measuring approximately 9.49 – 9.55 mm; (3) the center stone was "flanked by two round brilliant-cut diamonds" measuring approximately 5.04 – 5.07 and 4.99 – 5.00 mm; (4) thirty-four "round full-cut pink gemstones" measuring approximately 1.52 mm were set in the ring's "halo frames"; and (5) fifty-four "round full-cut diamonds" measuring approximately 1.0 – 1.7 mm were set in the ring's "shoulders, side panels and gallery."

It is evident that the ring in your designee's possession is not the scheduled ring: (1) the ring in your designee's possession has a gold setting whereas the ring scheduled in Chubb policy number 14379049-05 had a platinum setting; (2) the ring in your designee's possession has a diamond *simulant* center stone as Ms. Beck described it, or a cubic *zirconium center* stone according to the jeweler consulted by MYC & Associates, whereas the scheduled ring had a *diamond* center stone; (3) the ring in your designee's possession has two round brilliant-cut diamonds alongside the center stone, whereas the scheduled ring had two baguette-cut diamonds; (4) the ring in your designee's possession has thirty-four round full-cut pink gemstones measuring approximately 1.52 mm set in the ring's halo frames, whereas the scheduled ring had no pink gemstones; and (5) the ring in your designee's possession has fifty-four round full-cut

diamonds measuring approximately 1.0 - 1.7 mm set in the ring's shoulders, side panels and gallery, whereas, the scheduled ring had no diamonds other than a center diamond and two baguette-cut diamonds.

Therefore, because it has been conclusively determined that the reportedly lost ring is not insured by Chubb policy number 14379049-05 and because it has also been conclusively determined that there was and is no physical loss of or concerning the reportedly lost ring, we hereby deny the entirety of all claims asserted by Ms. Parlionas, by Mr. Parlionas and by you, as Trustee.

Although the grounds cited above are more than sufficient to justify this claim denial, we reserve Chubb's right to rely on the following condition on page Y-1 of the New York Policy Terms section of policy number 14379049-05 as a ground for this claim denial:

> **Concealment or fraud**
> We do not provide coverage if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss. This condition does not apply to Vehicle Liability Coverage.

We also reserve Chubb's right to assert that the following exclusionary language on page N-5 of the New York Valuable Articles Coverage section of the policy precludes coverage for the reported loss:

> **Exclusions**
>
> These exclusions apply to your Valuable Articles Coverage, including the Extra Coverages, unless stated otherwise.
>
> The words 'caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.
>
> \*   \*   \*
>
> **Misappropriation**. We do not cover any loss caused by the taking or other misappropriation by or directed by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you. This exclusion does not apply to the taking or other misappropriation by your domestic workers, guests or tenants, unless the misappropriation was directed by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you.

A New York State Department of Financial Services regulation requires that we bring to your attention the following condition on page Y-6 of the New York Policy Terms section of the policy:

> **Legal action against us**
> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. Except for vehicle coverage, you also agree to bring any action against us within two years after a loss occurs.

Notwithstanding our determination that there was no loss, we reserve Chubb's right to rely on the violation of the above legal action condition as a defense to any legal action you, as Trustee, or anyone else may bring to attempt to enforce a claim under policy number 14379049-05 for the purported loss of a ring. We note that in the schedules Ms. Parlionas filed with the Bankruptcy Court on July 11, 2023 she stated: "an engagment [sic] ring which is now lost was worth 60k, covered by insurance. Debtor shall be filing insurance claim." We reserve Chubb's right to prohibit you, as Trustee, and all others bringing legal action, from arguing that a purported loss of the ring did not occur prior to July 11, 2023.

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

The references in this letter to certain policy terms and conditions should not be taken to mean that other policy terms and conditions are inapplicable. Nothing in this letter, and none of the actions or communications of any Chubb National Insurance Company employee, agent, attorney or other representative may be construed as an admission of liability or as a waiver of any of the terms or conditions of the policy of insurance, or of any defenses provided by law. All rights and defenses are specifically reserved.

Sincerely,

*James E. Kling, AIC*

James E. Kling, AIC
SIU Senior Examiner
Special Investigations Unit

Enclosure (Gurr Johns report)

cc: Debra Kramer, Esq.
10 Gingerbread Lane
East Hampton, NY 11937
(via email: dkramer@kramerpllc.com)

Alex T. Tsionis, Esq.
Rosen, Tsionis & Pizzo, PLLC
38 New Street
Huntington, NY 11743
(via email: atsionis@ajrlawny.com)

Ms. Margarita Parlionas
157-22 Powells Cove Boulevard
Beechhurst, NY 11357
(via email: margaritaonassis@gmail.com)

Mr. Athanasios Parlionas
154-63 Powells Cove Boulevard
Whitestone, NY 11357

Hillary F. Schultz, Esq.
Law Office of Richard Klass
16 Court Street - 28 Fl
Brooklyn, NY 11241
(via email: hschultz@courtstreetlaw.com)