UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X Chapter 7
In Re:

MARGARITA ONASSIS PARLIONAS, Case No. 23-42029-JMM

Debtor.

----------------------------------------------------------X

AFFIRMATION IN OPPOSITION

Richard A. Klass, Esq., an attorney duly admitted to practice in the courts of the State of New York and the federal courts of the Southern and Eastern Districts of New York, under the penalties of perjury under the laws of New York, which may include fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

1. This affirmation is made by counsel to Athanasios Parlionas ("Mr. Parlionas") in opposition to August 21, 2026, contempt motion brought by the Debtor against Mr. Parlionas and Maria Coffinas, Esq. (the "Motion").

2. Mr. Parlionas urges that this Court deny the Motion to the extent that it requests that the Court hold Athanasios Parlionas and Maria Coffinas, Esq. in Civil Contempt and requesting an award for damages, costs and attorneys' fees to the Debtor under Section 362(k)(1) of the Bankruptcy Code and to the extent that it prevents the State Court from making its Equitable Distribution determination at trial. The Motion should be denied because it is procedurally defective, premature, and unsupported on the present record.

## Background

3. Judge Viscovich currently presides over the Debtor's and Mr. Parlionas' matrimonial action in New York Supreme Court, Queens County. Said matrimonial action was commenced by the Debtor on October 21, 2015 (the "Matrimonial Action").

4. Before the bankruptcy filing, the Debtor transferred her interest in YOYO Lip Gloss, Inc. to her daughter during the pendency of the Matrimonial Action and in violation of the Automatic Orders. The matrimonial court entered the June 21, 2022 final order adjudging Margarita Parlionas guilty of civil contempt based on the transfer of her ownership interest in YOYO Lip Gloss, Inc. The order imposed a fine consisting of $252,500.00, plus $5,000.00 in attorney's fees, and provided that Mrs. Parlionas could purge by paying the amounts, posting a bond, or demonstrating, through competent admissible evidence submitted within thirty days, that she was unable to pay the attorney's fees, fine, or bond. The Contempt Order and Decision is annexed as Exhibit A.

5. The contempt remained unresolved because the Debtor filed a Chapter 11 case on June 7, 2023, prior to the disposition hearing on the contempt.

6. On October 12, 2023, in the remand adversary, this Court entered an Order Remanding Case that expressly permitted the state court to proceed with the divorce action in certain respects, including dissolution, domestic support issues, equitable distribution, and trial, but separately ordered that "the automatic stay is hereby declared and confirmed as being in effect as to the enforcement of claims adjudicated in the Divorce Action against assets of the Bankruptcy Estate." The Order Remanding the Case is annexed as Exhibit B. The present contempt controversy arises out of alleged attempt to enforce a claim adjudicated in the divorce action.

7. The Debtor's case was converted to Chapter 7 on March 18, 2024, and Debra Kramer was appointed as the Chater 7 Trustee.

8. During the recent pendency of the matrimonial trial, Judge Viscovich independently initiated a disposition hearing to determine whether the Debtor could have purged her contempt after discovering that the Debtor received homestead exemption proceeds of $179,000. That disposition hearing on the contempt has not yet occurred. According to the Motion, on May 18, 2026, when asked whether there was a stay in effect, Maria Coffinas stated, "To my knowledge, there is no order currently in effect which prevents the Court from following through with the contempt finding." Debtor's Exhibit 8, Transcript at 94-95. She was also asked to confirm that by the Court. Debtor's Exhibit 8, Transcript at 94-95.

9. According to the Motion, the next day, on May 19, 2026, Judge Viscovich stated that he was not proceeding that day on the contempt matter because he assigned counsel Terrence Worms to represent the Debtor as to the contempt and he needed time to review the records and the file. See Debtor's Exhibit 9, Transcript at 108.

10. Judge Viscovich scheduled a hearing on the disposition of the contempt against the Debtor on September 21, 2026. In response, the Debtor filed this Motion.

## Argument

### A. The August 21, 2026 Contempt Motion Should Be Denied Without Prejudice Because It Was Not Properly Served.

11. A contempt motion filed in the bankruptcy case is a contested matter, governed by Federal Rules of Bankruptcy Procedure 9020 and 9014. Accordingly, the initiating motion had to be served in the manner required by Rule 7004 rather than merely noticed through the Court's electronic filing system. Respondent Maria Coffinas, Esq., was identified on the motion's service list

but she was not served in compliance with Rule 7004, and the present record does not contain a filed certificate of service establishing such service.

12. Since the current record does not show proper Rule 7004 service on Maria Coffinas, Esq., the August 21, 2026 Contempt Motion should be denied based upon the failure to comply with the Bankruptcy Rules and lack of jurisdiction.

**B. The Motion Should be Denied Because it is Premature as the Nature of the Contempt was not Conclusively Determined.**

13. The Motion improperly assumes that the underlying contempt remained purely civil for all purposes simply because Judge Viscovich previously used that label.

14. Under *In re Maloney*, 204 B.R. 671 (Bankr. E.D.N.Y. 1996), and *In re Golan*, Case No. 19-75598-reg (Bankr. E.D.N.Y. Dec. 19, 2019) (annexed as Exhibit C), the controlling inquiry is the substance and purpose of the sanction, not the label attached to it. The *Maloney* court held that a fixed punitive contempt sanction imposed to vindicate the court's authority, and lacking a payment-based purge mechanism, was not stayed because it was criminal in nature. In *Golan,* the Court likewise distinguished between a contempt sentencing proceeding aimed at punishing contumacious conduct against the dignity of the court and a sentence that unlawfully required payment to a prepetition creditor as the price of release.

15. The above authorities matter here because the disposition stage remained open. Even if the June 2022 Contempt Order adjudged the Debtor in civil contempt, that did not conclusively determine the nature of any later disposition. *See Golan* at 10. The unresolved disposition hearing left open whether the sanction ultimately to be imposed would function coercively and remedially or instead would take on a punitive or vindicatory character. *Id.* The Motion therefore rests on an incomplete premise when it assumes, without that analysis, that the contempt necessarily remained purely civil throughout. *See also, In re Burgess*, 503 B.R. 154 (Bankr. M.D. Fla. 2014) (finding that

the state court contempt order was criminal in nature, and enforcement was not barred by automatic stay).

16. Further, Judge Viscovich independently initiated a disposition hearing to determine whether the Debtor could have purged her contempt after receiving homestead proceeds of approximately $179,000, non-estate assets. That disposition hearing has not yet occurred. When asked by Judge Viscovich whether there was a stay in effect, Maria Coffinas stated, "To my knowledge, there is no order currently in effect which prevents the Court from following through with the contempt finding" and later misspoke about believing that the stay was lifted. The state court expressly adjourned further action so that counsel could review the records and file. The Motion asks this Court to adjudicate sanctions questions before the underlying disposition and purge issues have been fully developed. Ms. Coffinas was not recommending that the Debtor be incarcerated to coerce payment. At the disposition hearing, through his counsel, Mr. Parlionas will urge Judge Viscovich, rather than coerce payment, to issue an order determining that any penalties arising from the contempt be added to his equitable distribution award at trial. In addition, the Second Circuit has held that the court in which the underlying litigation is pending may determine both its own jurisdiction and whether the proceeding before it is subject to the automatic stay. In re Baldwin-United Corp. Litigation, 765 F.2d 343, 347 (2d Cir. 1985). Because the disposition hearing did not occur and there has been no violation of the stay, and the request for damages is premature.

17. It must be noted that Mr. Parlionas does not seek Debtor's incarceration and has expressly opposed that outcome. Any coercive remedies raised by Judge Viscovich were neither requested nor intended by Mr. Parlionas or his counsel. As the submitted transcripts reflect, Judge Viscovich stated that Debtor had not been incarcerated because her husband did not want that result.

18. Mr. Parlionas respectfully submits that the Debtor has not established any violation of the automatic stay, much less a willful one.

19. As held in *In re Valentine*, 611 B.R. 622, 634 (Bankr. E.D. Mo. 2020), a party seeking damages under 11 U.S.C. § 362(k) bears the burden of proving, by a preponderance of the evidence, that a stay violation occurred, that the violation was willful, and that the alleged violation caused actual damages; punitive damages require an additional showing of appropriate circumstances. The debtor must demonstrate each element by a preponderance of the evidence.

20. Here, Debtor has not identified specific conduct by Mr. Parlionas or Maria Coffinas, Esq. that violated the stay, nor has she submitted admissible proof sufficient to establish that either party engaged in willful conduct in contravention of the stay. At most, the record reflects that the Matrimonial Court itself was addressing unresolved contempt-disposition issues and Debtor's ability to purge in light of the homestead proceeds, while Mr. Parlionas' position has been that any related amount should be addressed through equitable distribution or other matrimonial allocation remedies rather than coercive enforcement. The Debtor cannot satisfy her burden under Section 362(k), and her request for damages, costs, attorneys' fees, or punitive relief should therefore be denied. This case is unlike a case where a creditor's own affirmative conduct drove or prolonged coercive contempt enforcement aimed at collecting a prepetition obligation.

21. Here, Mr. Parlionas is merely trying to finish a 10+ years' long Matrimonial trial-- there is no factual showing that Mr. Parlionas willfully pursued post-petition collection, sought the Debtor's incarceration, or exercised the kind of control over the contempt process that justifies the relief sought. Unfortunately, the contempt order and the transfer of her ownership interest in YOYO Lip Gloss, Inc. have inextricably become part of the Court's equitable distribution determination.

**C. Judge Viscovich Can Determine Debtor's Ability to Purge Based on the Homestead Exemption Proceeds and such Determination Should Not Be Considered a Stay Violation.**

22. The prematurity problem is reinforced by the state of the financial record. There has not yet been a finding that the Debtor presently had the ability to pay that amount. Where coercive contempt depends on present ability to comply, unresolved ability-to-pay issues go to the heart of whether coercive relief is even presently available. Mr. Parlionas respectfully submits that the homestead proceeds and other non-bankruptcy estate related rights are properly addressed through equitable distribution, accounting, offset, credit, or other matrimonial allocation remedies, which is not a violation of the automatic stay provisions. *See In re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010); *see Sinha v. Sinha*, 285 A.D.2d 801, 803–04, 727 N.Y.S.2d 537, 539–40 (2001) (ownership or allocation issues concerning homestead proceeds may be addressed in the matrimonial equitable-distribution process).

**D. To the Extent the Debtor Seeks Sanctions Tied to Automatic-Stay Issues, Any Monetary Award Should Be Denied as Premature Absent Competent Proof of Actual Loss.**

23. If the Debtor seeks sanctions tied to alleged automatic-stay issues arising from efforts to enforce the June 2022 contempt order, no sanctions should be fixed against Ms. Coffinas and Mr. Parlionas on the current record without competent proof of actual damages.

24. The Motion fails to supply a competent evidentiary basis for an award of damages, costs, or attorneys' fees on the present record. Actual loss and causation matter where compensatory relief is sought. Here, the Debtor has not made a sufficiently concrete showing of actual harm attributable to specific actionable conduct by Mr. Parlionas or Ms. Coffinas, as distinguished from the broader and still-unresolved overlap among the matrimonial proceedings, contempt-disposition issues, bankruptcy administration, and stay questions. "[T]he party seeking damages ... bears the burden of proving that damages were actually incurred. Where no injury results from the violation

..., an award of damages is clearly inappropriate." *In re Voll*, 512 B.R. 132, 138 (Bankr. N.D.N.Y. 2014) (citing cases).

25. Without that showing, a monetary sanction would be premature and unsupported. The state-court record reflects that the June 2022 contempt was imposed on Athanasios's motion pre-petition, without a hearing, based on the court's finding that the Debtor admitted transferring a marital asset, and that the court chose to adjudicate civil contempt rather than criminal contempt, imposing a $252,500 fine and $5,000 in counsel fees. Ms. Coffinas pressed for a contempt finding so that the equitable distribution of the parties could finally be resolved.

26. *Assuming arguendo,* Debtor has raised stay violations as to alleged enforcement, the requested sanction remedy against Mr. Parlionas still must rest on proof of harm or injury. The present Motion does not supply competent proof sufficient to show alleged enforcement or to support a monetary award.

27. For the foregoing reasons, the Court should deny the Motion as to the request that the Court hold Athanasios Parlionas and Maria Coffinas, Esq. in Contempt and requests an award for damages, costs and attorneys' fees to the Debtor under section 362(k)(1) of the Bankruptcy Code.

Dated: Brooklyn, New York
September 15, 2026

______/s/________________
Richard A. Klass, Esq.
Attorney for Athanasios Parlionas
16 Court Street, 28th Floor
Brooklyn NY 11241
718-643-6063
RichKlass@courtstreetlaw.com