SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Present: **HON. WILLIAM A. VISCOVICH** PART 63
Justice

Index No.: 721778/2020

**MARGARITA PARLIONAS,**

**FINAL ORDER**

**Plaintiff,**

Motion Seq.: #16

**- against -**

**FILED & RECORDED**

**ATHANASIOS PARLIONAS,**

**6/21/2022, 10:08:41 AM**

**Defendant.**

**COUNTY CLERK
QUEENS COUNTY**

Recitation, as required by CPLR §2219(a), of the papers considered in the review of defendant's motion for an order adjudicating plaintiff in civil and criminal contempt of court and for other related relief, is as follows:

| PAPERS | NUMBERED |
| --- | --- |
| Order to Show Cause, Affidavits and Exhibits Annexed (Seq. 16)............ | E238 - 250, 320 |
| Affidavits in Opposition & Exhibits............ | E355 - 359 |
| Reply Affirmation ............ | E381 - 382 |

Upon the foregoing papers and all the prior proceedings in this action, defendant's motion, brought by Order to Show Cause dated October 7, 2021, is decided as follows:

This action for a judgment of divorce and other ancillary relief was commenced on October 15, 2015. Plaintiff Margarita Parlionas and Defendant Athanasios Parlionas were married on April 21, 1984.

Defendant Athanasios Parlionas moves for an order granting the following relief:

(a) Adjudging Plaintiff Margarita Parlionas, to be in civil and criminal contempt of court pursuant to Jud. Law §§750 – 754, 756 and 773 et seq., for her willful violation of the automatic orders, imposing a sentence of imprisonment for the maximum term allowed by law and/or imposing a fine in the amount of $252,500.00 as the appropriate remedies; and

(b) Granting and issuing a Final Order of Commitment with Leave to Purge upon this Court's finding that Plaintiff is in civil and/or criminal contempt of court; and

( c) Granting Defendant his attorney fees and costs in an amount not less than $5,000.00 for the prosecution of this contempt motion; and

(d) Granting Defendant such other and further relief as the Court deems just and proper together with costs.

Plaintiff opposes the motion.

**CURRENT MOTION**

It is undisputed that during the marriage, in 2008, plaintiff Margarita Parlionas acquired an ownership interest in YOYO Lip Gloss, Inc., a business which manufactures cosmetic products for the teen and tween markets, such as lip gloss, lip balm and nail kits. The business continues to operate as of the date of the application. Defendant Athanasios Parlionas alleges that subsequent to the commencement of this divorce action, plaintiff transferred that interest to her daughter Evangelia Parlionas without defendant's knowledge.

Defendant contends that plaintiff Margarita Parlionas is in civil and criminal contempt of court for transferring her interest in YOYO Lip Gloss, Inc., a valuable asset of the marriage, to her daughter, after the commencement of this divorce action, without defendant's knowledge or consent and in clear violation of the automatic orders. In this regard, defendant claims that plaintiff's actions were calculated to and have significantly prejudiced defendant's interest in this marital asset. In support of his motion, defendant annexes the following documents alleged to evince plaintiff's ownership interest in YOYO Lip Gloss:

(1) By-Laws Agreement of YOYO Lip Gloss Inc., signed by plaintiff;
(2) 2012 YOYO Lip Gloss Inc. income tax return with a Kl issued to plaintiff as a 49.97377% shareholder;
(3) 2013 YOYO Lip Gloss Inc. income tax return with a Kl issued to plaintiff as a 50% shareholder;
(4) 2014 YOYO Lip Gloss Inc. income tax return with a Kl issued to plaintiff as a 50% shareholder, (5) 2015 YOYO Lip Gloss Inc. income tax return with K1 issued to plaintiff as a 42.876712% shareholder;
(6) Women's Business Enterprise National Council (WBENC) 2015 Certification for YOYO Lip Gloss Inc., sworn to on April 13, 2015 by plaintiff's daughter Evangelia Parlionas listing plaintiff as a 49% shareholder and daily manager with equal management responsibilities, and as having contributed one million dollars cash to the business;
(7) The appraisal report dated September 28, 2021, prepared pursuant to this Court's order, by Mark Gottlieb, C.P.A., a neutral forensic accountant, which values the marital portion of YOYO Lip Gloss, Inc. at $505,000.00.
(8) The affidavit of Evangelia Parlionas dated August 6, 2021, submitted on a different motion in this action, alleging that she is the sole owner of YOYO Lip Gloss, Inc. that she is currently the sole shareholder of YOYO Lip Gloss, Inc. and that plaintiff has not been involved as a shareholder "for some time now".

According to defendant, he has met his burden of establishing all of the conditions to hold

plaintiff in civil contempt of court, warranting an immediate adjudication of civil contempt against plaintiff for her violation of the automatic orders, without a hearing. In addition, defendant contends that he has incurred actual damages from plaintiff's contempt in the amount of $252,500.00 representing 50% of the value of Plaintiff's interest in YOYO Lip Gloss, Inc. Defendant maintains that this amount will compensate defendant for the loss caused by plaintiff's violation of the automatic orders. Defendant avers that plaintiff's conduct rises to the level of criminal contempt as, according to defendant, plaintiff's actions were wilful. Defendant requests that, in addition to the fine of actual damages, plaintiff be ordered to pay counsel fees, costs and disbursements incurred for this order to show cause in the amount of not less than $5,000.00.

In opposition, plaintiff contends that she was never served personally with the motion papers and her attorney contends that the attorney was never served by email. Neither plaintiff nor her attorney alleges that they did not receive timely notice of the motion or that they did not receive a complete copy of the motion and supporting papers through the NYSCEF electronic filing system.

Plaintiff Margarita Parlionas argues that a partnership agreement dated September 19, 2015, a date prior to the commencement of this action less than one month later, outlines the ownership interest of plaintiff in YOYO Lip Gloss as 25% with the remaining 75% owned by her daughter Evangelia Parlionas. The agreement indicates that any necessary monetary contribution to fuel the growth of the company is the sole responsibility of plaintiff and that Evangelia Parlionas would manage the day to day operations of the business. In the agreement, plaintiff is named as an Owner/Investor.

Plaintiff Margarita Parlionas further emphasizes that the agreement provides that "any partner that no longer wishes to fulfill their role will be terminated as per this agreement." Plaintiff concedes that on October 1, 2018, she surrendered her stock in YOYO Lip Gloss, Inc. Plaintiff claims that she did so as she was no longer willing to make monetary contributions to the company. She claims the company continued to incur debt in high interest loans and that those loans were needed to sustain the company. The financial situation with YOYO Lip Gloss, Inc., according to plaintiff, became more problematic in 2018 when the debt had accumulated to about $121,000.00 in interest payments each month.

According to plaintiff, the surrender of stock in YOYO Lip Gloss, Inc. was done in the normal course of business, as a business decision that was necessary to ensure that plaintiff did not dissipate any asset and to ensure she did not incur an unreasonable amount of debt. Plaintiff claims that the selling of shares was not done to hide money from defendant, but to avoid the dissipation of an asset. Plaintiff argues that the motion for contempt should be denied in its entirety. Plaintiff maintains that defendant impeded her ability to fund YOYO Lip Gloss, Inc. by shutting down Modern Contracting, Inc. and forming new companies.

In his reply, defendant points to plaintiff's deposition testimony from September 5, 2019 wherein she states that she still had an ownership interest in YOYO Lip Gloss, Inc. as of that date, in contrast to the position she has taken on this motion. Further, defendant avers that plaintiff's claim

that in 2015, plaintiff's ownership interest was reduced from 50% to 25% is belied by the K1 annexed to the motion which reflects plaintiff's ownership shares to be 42.87% in 2015. Defendant points to the case *Davis v Davis*, (175 AD2d 45 [1st Dept 1991]), a case also relied on by plaintiff for a different purpose, to emphasize that dissipation of a marital asset can take the form of a transfer of funds to third parties without fair consideration. Defendant claims that plaintiff violated the automatic orders and dissipated a marital interest in YOYO Lip Gloss, Inc. by surrendering her ownership shares to her daughter without consideration.

## CIVIL AND CRIMINAL CONTEMPT OF COURT

"Article 19 of the Judiciary Law authorizes a court to punish a person for 'criminal' or 'or civil' contempt, and permits adjudication and sentence by way of summary proceeding" *(People v Sweat*, 24 NY3d 348, 353 [2014]). Based on the evidence before it, the court "determines which provisions of the Judiciary Law apply and which to invoke based on the contemnor's conduct and the requirements of the statute" *(Id).*

Civil Contempt seeks "the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *quoting McCain v Dinkins*, 84 NY2d 216, 226 [1994]). By contrast, criminal contempt involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates and, as a result, the penalty imposed is punitive in nature (*McCormick v Axelrod*, 59 NY2d at 583 *citing King v Barnes*, 113 NY 476 [1889]). While "the same act may be punishable as both a civil and a criminal contempt, the element which escalates a contempt to criminal status is the level of willfulness associated with the conduct" (*Matter of McCormick v Axelrod*, 59 NY2d at 583).

Under Judiciary Law §753, "[a] court of record has power to punish, by fine and imprisonment, or either, a neglect of violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced" (*see also, El-Dehdan v El-Dehdan*, 26 NY3d 19, 28-29 [2015]). It is well settled that a motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (*Toranzo v Toranzo*, 185 AD3d 621 [2d Dept 2021]; *Cover v Cover*, 173 AD3d 970 [2d Dept 2019]). Contempt is a drastic remedy which should not be granted absent a clear right to the relief (*Pinto v Pinto*, 120 AD2d 337, 338 [1st Dept 1986]).

In *Matter of McCormick v Axelrod* (59 NY2d 574 [1983]), the Court described the four elements necessary to support a finding of civil contempt: (1) It must be determined that a lawful order of the Court, clearly expressing an un equivocal mandate, was in effect; (2) It must appear, with reasonable certainty, that the Order has been disobeyed; (3) The party to be held in contempt must have had knowledge of the Court's order; (4) Prejudice to the right of the party to the litigation must be demonstrated *(Id* at 583; *see also, El-Dehdan v. El-Dehdan*, 26 NY3d 19, 28-29 [2015]; *see also, Battinelli v Battinelli*, 192 AD3d 957 [2d Dept 2021]). Pursuant to Judiciary Law article 19, for both civil and criminal contempt, movant has the burden of proving the contempt with

"reasonable certainty," which requires "a quantum of proof . . . greater than a preponderance of evidence but less than proof beyond a reasonable doubt . . . akin to the clear and convincing evidence standard" (*Kihl v Pfeffer*, 47 AD3d 154, 163-164 [2d Dept 2007]; *see also, El-Dehdan v. El-Dehdan*, 26 NY3d at 29; *Matter of McCormick v Axelrod*, 59 NY2d at 583; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *McKnight v New York City Tr Auth*, 150 AD3d 840 [2d Dept 2017]).

Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order or judgment (*El-Dehdan v El-Dehdan*, 26 NY3d at 29). A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense (*Id; Shemtov v Shemtov*, 153 AD3d 1295, 1296 [2d Dept 2017]; *Matter of Fitzgerald*, 144 AD3d 906, 907 [2d Dept 2016]). It follows then that a hearing is not required when the alleged contemnor concedes the conduct (*see Rocco v Rocco*, 90 AD3d 886 [2d Dept 2011]; *see also, Behan v Kornstein*, 164 AD3d 1113, 1116 [1st Dept 2018]).

If the movant has met their burden with reasonable certainty such that there is a finding of civil contempt, and if the court determines that the contemnor has caused an actual loss to the movant, then a fine "sufficient to indemnify the aggrieved party" must be imposed, along with costs and disbursements (Judiciary Law § 773). The purpose of the imposition of civil contempt penalties is their remedial nature and effect (*State of New York v Unique Ideas*, 44 NY2d 345 [1978]). "Costs and expenses" in the statute means the costs and expenses of the motion to punish for contempt, and not the entire costs of the proceeding out of which the alleged contempt arose (*Federal Deposit Ins Corp*, 98 AD2d 790, 792 [2d Dept 1983]). The movant must request or establish the amount of damages *(Id)*. Judiciary Law § 773 permits recovery of attorney's fees and other professional fees from the offending party by a party aggrieved by the contemptuous conduct so long as they are attributable to proving contempt or the damages flowing therefrom and are a direct product of the contempt proceeding (*Schwartz v Schwartz*, 79 AD3d 1006, 1010 [2d Dept 2010] *quoting Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435 [2d Dept 1998]; *see also, Vider v Vider*, 85 AD3d 902 [2d Dept 2011]).

Judiciary Law § 773 permits recovery of attorney's fees and other professional fees from the offending party by a party aggrieved by the contemptuous conduct so long as they are attributable to proving contempt or the damages flowing therefrom and are a direct product of the contempt proceeding (*Schwartz v Schwartz*, 79 AD3d 1006, 1010 [2d Dept 2010] *quoting Children's Vil. v Greenburgh Eleven Teachers' Union Fedn of Teachers, Local 1532, AFT, AFL-CIO*, 249 AD2d 435 [2d Dept 1998]; *see also, Vider v Vider*, 85 AD3d 902 [2d Dept 2011]; *Matter of Diorio v City of Peekskill Common Council*, 13 AD3d 523, 525 [2d Dept 2004]; *Holskin v 22 Prince Street Assocs.*, 178 AD2d 347 [1st Dept 1991]; *Glanzman v Fischman*, 143 AD2d 880 [2d Dept 1988], *app dismissed*, 74 NY2d 792 [1989]; *317 West 87th Associates v Dannenberg*, 170 AD2d 250). The court is required to consider the nature and extent of the services, the actual time spent, the nature of the issues involved and the prevailing hourly rate for similar legal work in the community (*Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]; *Gamache v Steinhaus*, 7 AD3d 525, 527 [2d Dept 2004]; *see also, Matter of Rahmey v Blum*, 95 AD2d 294 [2d Dept 1983]).

In addition, pursuant to DRL § 237 and DRL § 238 a party who is forced to file a contempt application in order to enforce an Order of the Court is generally entitled to reimbursement of legal fees relating to that application (*Quinn v Quinn*, 73 AD3d 887 [2d Dept 2010]; *Hayes v Barroga-Hayes*, 117 AD3d 794 [2d Dept 2014]).

Where a person has been found guilty of a civil contempt, the contemnor may be jailed until there is compliance with the lawful mandate, which may be months or years (*see*, Judiciary Law § 774 and 775; *People ex rel Feldman v. Warden*, 46 AD2d 256 [1st Dept 1974], *aff'd* 36 NY2d 846 [1975]). Judiciary Law § 774[1] provides "Where the misconduct proved consists of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed" (*see also*, *People ex rel Kuby v Warden, Brooklyn House of Detention*, 305 AD2d 339, 340 [2d Dept 2003]; *Wides v Wides*, 96 AD2d 592, 593-94 [2d Dept 1983]; *NA Dev Co v Jones*, 99 AD2d 238 [2d Dept 1984]). It has long been said that as a jailed contemnor is able to purge the contempt and obtain his or her release by committing an affirmative act, that person "carries the keys of his prison in his own pocket" (*Int'l Union v Bagwell*, 512 US 821, 828 [1994] *quoting In re Nevitt*, 117 F 448, 451 [8th Cir 1902]). "The law is not so tender of those who defy its power and trample upon its command" (*People ex rel Stearns v. Marr*, 181 NY 463, 469 [1905]).

Domestic Relations Law § 236(B)(2)(b) and 22 NYCRR § 202.16 require the issuance of certain automatic orders, precluding both parties to a matrimonial action from transferring or in any way disposing of marital assets without the written consent of the other party or order of the court, except under certain circumstances. The automatic orders are binding upon a plaintiff upon commencement of the matrimonial action and upon a defendant upon service of the summons or summons and complaint (*see* Domestic Relations Law § 236[B][2][b]).

The automatic orders issued in a matrimonial action pursuant to Domestic Relations Law § 236(B)(2)(b) and the Uniform Rules for Trial Courts (22 NYCRR) § 202.16-a, constitute unequivocal mandates of the court for the purposes of holding a party in civil contempt pursuant to Judiciary Law § 753 if they are violated (*Spencer v Spencer*, 159 AD3d 174, 176 [2d Dept 2018]). Accordingly, a party to a matrimonial action who knowingly fails to comply with the court's automatic order which restricts them from transferring, selling, or converting marital funds, such that the party's actions result in prejudice to the other party, can be punished for civil or criminal contempt of court (*see* Judiciary Law § 753 [A] [3]; *Mage v Mage*, 174 AD3d 884, 888 [2d Dept 2019]; *Spencer v Spencer*, 159 AD3d at 176).

It undisputed that (1) upon the commencement of this action on October 15, 2015, the automatic orders, as required by Domestic Relations Law § 236(B)(2)(b) and 22 NYCRR § 202.16, became binding on plaintiff; (2) YOYO Lip Gloss, Inc. is a marital asset; and (3) after commencement, plaintiff, without the consent or knowledge of defendant, transferred her ownership in YOYO Lip Gloss, Inc. to a third party.

Here, based on plaintiff's admission that in 2018 she unilaterally terminated her ownership

interest in YOYO Lip Gloss, Inc., a marital asset, defendant has established with reasonable certainty that plaintiff has committed a civil contempt of court for a violation of the automatic orders. In this vigorously contested matrimonial action, plaintiff was well aware of the automatic orders as she has accused defendant of violating those orders from the inception of this case. As the automatic orders were in place expressing an unequivocal mandate orders, i.e. precluding both parties to this matrimonial action from transferring or in any way disposing of marital assets without the written consent of the other party or order of the court, and as plaintiff transferred her interest in a company valued, in 2021 at $505,000.00, plaintiff is in civil contempt of court. Thus, defendant has demonstrated an actual loss to the marital estate of $505,000.00 of which half is presumptively defendant's.

All of the elements necessary to hold plaintiff Margarita Parlionas in civil contempt have been met. First, there is a court order in effect, namely the automatic orders, expressing an unequivocal lawful mandate that the parties are not to transfer or dispose of marital assets. Second, defendant has demonstrated with reasonable certainty that the automatic orders have been disobeyed. Third, plaintiff knew of the automatic orders as she had the automatic orders served on defendant, as she has long argued defendant is in violation of such orders, and as she has been present at many virtual conferences when the automatic orders have been discussed. Fourth, the prejudice to defendant is inherent in the fact that a valuable marital asset has been transferred for no consideration without his knowledge or written consent. Further, defendant has incurred more legal fees in having to bring this motion for contempt.

As defendant has met his burden, the burden shifts to plaintiff, the alleged contemnor, to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the automatic orders. In opposition to the motion for contempt, plaintiff readily admits her transfer of a marital asset and claims, without legal basis, that by following the terms for termination contained in the September 19, 2015 YOYO Lip Gloss, Inc. Partnership Agreement, she is somehow exempt from the prohibition against the transfer of assets. Plaintiff seems to think she is justified in providing her daughter with her ownership shares because she "no longer wish[ed] to fulfill [her] role as the owner investor."

Plaintiff's claim that the motion should be denied as plaintiff and her attorney were not properly served with the motion pursuant to the October 7, 2021 Order to Show Cause is rejected. Nowhere in plaintiff's papers is there an allegation that neither she nor her attorney were unaware of the motion or that they were prejudiced due to defendant's failure to properly serve them or that the motion was timely rejected once they were aware of the motion and its service provisions. Defendant is cautioned that in future, orders of the Court regarding service are to be followed.

The Court finds that defendant has shown with reasonable certainty that plaintiff is in civil contempt of court. The record supports a finding that plaintiff was actually aware of, and disobeyed, clear and unequivocal court directives, thereby prejudicing defendant's rights, justifying the finding of civil contempt (Judiciary Law § 753[A][3]; *El-Dehdan v El-Dehdan*, 26 NY3d at 29; *McCain v Dinkins*, 84 NY2d at 226; *Matter of McCormick v Axelrod*, 59 NY2d at 583).

Under these facts and circumstances, punishment for civil contempt pursuant to Judiciary Law §§ 770, 773 and 774 is warranted. The Court finds that plaintiff's actions in ignoring the lawful mandates of this Court were calculated to, and actually did, defeat, impair, impede or prejudice defendant's rights or remedies in this civil matrimonial action and it appearing that the misconduct of plaintiff consisted of an omission to perform an act or a duty which it was in her power to perform. It was well within plaintiff's power to notify the Court and defendant of her financial position with regard to her ownership interest in YOYO Lip Glass, Inc. to seek guidance and avoid committing a contempt.

In light of plaintiff's admission that she transferred a marital asset, plaintiff has failed to raise an issue of fact as to her contempt and the motion is granted without a hearing. While defendant makes a strong argument that plaintiff's actions constitute not only a civil contempt but a criminal contempt as well, the Court, in its discretion, adjudicates that plaintiff's actions constitute a civil contempt of court.

Having reviewed defendant's attorney's retainer agreement indicating that defendant's attorney charges an hourly rate of $450.00., after considering the affirmation in support and the extent of the services and the nature of the issues involved, the Court awards counsel fees in the amount of $5,000.00.

It is therefore

**ORDERED and ADJUDGED** that defendant's motion is granted to the extent that, pursuant to Judiciary Law § 772, plaintiff Margarita Parlionas is guilty of Civil Contempt of Court, as plaintiff's actions in disobeying the lawful mandate of the court which prohibited her from transferring or dissipating a marital asset, were calculated to, and actually did, defeat, impair, impede or prejudice defendant's rights or remedies in this civil matrimonial action and it appearing that the misconduct of plaintiff consisted of an omission to perform an act or a duty which it was in her power to perform; and it is

**ORDERED** that pursuant to Judiciary Law § 773, a fine (1) consisting of the actual loss that the contemnor has caused to the movant, which shall include a portion of the value of plaintiff's ownership interest in YOYO Lip Gloss, Inc., here in the amount of $252,500.00, and (2) attorney's fees in the amount of $5,000.00, will be imposed on plaintiff for her misconduct and civil contempt of court which she has been found guilty of, as aforesaid; and it is

**ORDERED** that plaintiff shall have the opportunity to purge herself by, within thirty (30) days of service on plaintiff's attorney via NYSCEF, of a copy of this Final Order with notice of entry, paying counsel fees in the amount of $5,000.00 and placing $252,500.00 in her attorney's escrow account or by posting a bond in said amount or by demonstrating, through competent admissible evidence submitted to the Court and served on defendant, within thirty (30) days of today's date, including but not limited to all financial records from the date of commencement forward, relating to defendant's income, retirement accounts, credit card statements, checking and savings accounts,

crypto-currency accounts, and an updated statement of net worth, that she is unable to pay the attorney's fees, fine and/or post a bond as set forth above (Judiciary Law §§ 772 and 773); and it is

**ORDERED** that upon submission of an Affirmation of Non-Compliance together with a copy of this Order, on notice, the Court will issue a Warrant for plaintiff Margarita Parlionas' immediate arrest and commitment for a period of incarceration and will issue a money judgment inclusive of interest where applicable for all amounts owed and attorney's fees as outlined above, and any other disposition the Court, in its discretion shall make.

This constitutes the Decision, Order and Judgment of the Court.

Dated: June 16, 2022

E N T E R:

**WILLIAM A. VISCOVICH, J.S.C.**

**FILED & RECORDED**

**6/21/2022, 10:08:41 AM**

**COUNTY CLERK**
**QUEENS COUNTY**

CLERK