**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| -------------------------------------------X | Chapter 7 |
| In re: | |
| | Case No. 1-23-42029-jmm |
| MARGARITA ONASSIS PARLIONAS, | |
| a/k/a Margarita Mary Vekrakos, | Hon. Jil Mazer-Marino |
| Debtor. | |
| -------------------------------------------X | |

**DECLARATION OF MARGARITA ONASSIS PARLIONAS**
**PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF**
**THE DETERMINATION OF HER ACTUAL DAMAGES UNDER 11 U.S.C. § 362(k)(1)**

Margarita Onassis Parlionas declares as follows:

## INTRODUCTION

1. I am the Debtor in this case. I make this declaration in support of the determination of my actual damages under the Court's Order of October 13, 2026 [ECF No. 245] (the "Order"), at the continued hearing on November 5, 2026. I rely on my Affidavit filed with the Motion [ECF No. 228] (my "August Affidavit") and on the certified transcripts annexed to it, and I do not repeat all of it here.

2. The Order held that enforcement of the June 2022 contempt order (the YoYo Lip Gloss money contempt, a fine of $252,500.00 and $5,000.00 in counsel fees) violates the automatic stay. That enforcement was attempted by my husband and his counsel, Ms. Coffinas, as I describe in paragraph 4. This declaration describes what that enforcement cost me after June 7, 2023, the date I filed my petition.

3. On May 27, 2026 I was sentenced to seven days at Rikers Island on a separate summary contempt. That matter is not the YoYo fine, and I do not claim damages for it here.

What I describe below is the cost of the continuing effort to enforce the YoYo fine after my petition, and how that effort affected me, a person who had already been jailed once and was being told she could be jailed again until she paid.

## THE ENFORCEMENT ACTS AFTER MY PETITION

4. After I filed my petition, the YoYo fine was pressed against me in the matrimonial action on my husband's behalf, through his counsel, Ms. Coffinas. As I set out in my August Affidavit (¶¶ 12–27, 30, 61), and as the certified transcripts annexed to it and to the reply papers show, and as has continued since I signed it:

> (a) After my petition, my husband, through Ms. Coffinas, continued to press in the state court Motion Sequence No. 23, which sought a warrant for my immediate arrest and commitment and money judgments of $252,500 and $5,000 on the contempt, and Motion Sequence No. 33, which sought $15,600 in further fees. He did so after asking this Court for relief from the stay in July 2023 [ECF No. 21] and not obtaining it. The state court denied both motions on January 3, 2024 "as stayed by plaintiff's bankruptcy filing" (NYSCEF Doc. Nos. 837–838; Motion Exs. 5–6).
>
> (b) On May 18, 2026, Ms. Coffinas told the state court that the fine of $252,500.00 had not been purged, and that, to her knowledge, no order was in effect preventing the court from following through on the contempt and, when the court asked whether the stay had been lifted, answered, "As far as I know, yes." (August Affidavit Ex. 8 [ECF No. 228] at 5:22–6:6.) The court then said that its "only alternative" might be to have me incarcerated, that it could order me incarcerated for up to six months and bring me back every couple of months to see whether I had purged (id. at 7:4–9), and that if the amount were determined to be $125,000 rather than $250,000, it would reduce the purge amount to $125,000 (id. at 10:16–18).
>
> (c) At the appearance on August 10, 2026, the state court directed that I apply approximately $180,000 to the contempt fine, and stated in substance that a future

incarceration would be for three to four months and that I would be returned to jail repeatedly until the money was produced. At the appearances of August 17 and 18, 2026, I was again told that I could be incarcerated on the contempt, including on August 24, 2026.

(d) On August 26, 2026, after Ms. Coffinas answered “Yes” when the court asked whether her client’s position was that he owned half of a company valued at $505,000, the state court set the purge amount at $126,250, directed me to give that sum to Ms. Coffinas to hold in escrow or to obtain a bond, and told me that otherwise I would “not get out until this money is produced.” (Reply Affirmation of Karamvir Dahiya, Ex. 17, at 480:16–483:3.)

(e) On or about September 8, 2026, the purge amount was reduced to $123,000, and the contempt remained scheduled for further proceedings on September 21, 2026 and, after an adjournment, on October 2, 2026.

**MY COUNSEL’S FEES TO RESIST THAT ENFORCEMENT**

5. To respond to the enforcement of the YoYo fine, I retained Katerina Housos, an attorney. Her services are itemized in her Declaration dated October 7, 2026, which is filed with this declaration (Exhibit 1): 60.5 hours at $350 per hour, totaling $21,175.00, all of it on the YoYo contempt, which my husband and Ms. Coffinas pressed against me after my petition as described in paragraph 4. Her work included the order to show cause to stay enforcement, the application to purge, the responses to the repeated threats of incarceration, and the work to show that the purge amount should be reduced, which the state court said on May 18, 2026 it would do if the amount were determined to be lower. I ask for the full $21,175.00.

6. On May 27, 2026 I filed, in my own name, an order to show cause asking the state court to declare that enforcement of the June 2022 order was stayed under 11 U.S.C. § 362(a)

(Motion Seq. No. 37, NYSCEF Doc. Nos. 893–897). The state court declined to sign it the same day (NYSCEF Doc. No. 898). Ms. Housos helped me prepare those papers.

**OTHER OUT-OF-POCKET COSTS**

7. I also incurred the following costs because of the enforcement of the YoYo fine. The invoices are Exhibit 2, and the amounts are listed in the Schedule of Actual Damages annexed to this declaration as Schedule A.

(a) Financial Investigation Services, Inc. (Michael Cohen, CPA): $5,850.00. The $252,500 fine rests on the court-appointed MSG appraisal of YoYo Lip Gloss, Inc. That appraisal was wrong: it used the wrong ownership percentage, and it treated my interest in YoYo as an asset when it was a liability. On May 18, 2026 the state court told me that if the amount underlying the fine were determined to be $125,000 rather than $250,000, it would reduce the purge amount to $125,000. I retained FIS to prove that the MSG appraisal was wrong: FIS valued my interest in YoYo (Invoice MP-01-26, July 29, 2026: 16 hours at $225, $3,600.00) and analyzed the October 2018 transfer of my 25% interest on which the fine rests (Invoice MP-02-26, August 30, 2026: 10 hours at $225, $2,250.00). On August 26, 2026, the state court cut the purge amount in half, from $252,500 to $126,250, saying that "potentially 25 percent of it is your husband's. So we will divide it by 2 again." (Reply Affirmation Ex. 17 at 482:4–14.)

(b) Certified transcripts, which I needed to prove what was said to me about the contempt, the threats of incarceration, and the stay: $2,246.25, consisting of the state court proceedings of March 18 and 20, 2024 (Noah Collin, Senior Court Reporter, invoice dated July 4, 2026), $713.80, of which I have paid a $300.00 deposit, which I ordered to document the threats made against me in the state court proceedings; the state court proceedings of May 18–22, 2026 (Monica Jenkins, Senior Court Reporter, invoice dated July 1, 2026), $688.90, which is my half of the $1,377.80 invoice (Ms. Coffinas paid the other half); the state court proceedings of August 24 and 26, 2026 (Rivka Kaplan, Official Court Reporter, invoice dated August 28, 2026), $661.05; and this

Court's hearing of September 22, 2026 (J&J Court Transcribers, Inc., Invoice No. 2026-01661), $182.50.

Total of paragraph 7: $8,096.25 ($5,850.00 + $2,246.25).

## THE EFFECT ON ME

8. I described in my August Affidavit (¶¶ 52–64) my seven days at Rikers Island and what has followed. I repeat only what bears on the YoYo contempt.

9. Because I had already been jailed once, I could not tell myself that the threats made over the YoYo fine would not be carried out. Each time the fine was raised, I was told that I could be jailed until I paid, for months at a time, and repeatedly. My application to purge on the ground of inability to pay, filed in August 2022, has never been decided.

10. From May 18, 2026, when the YoYo fine was pressed against me again in open court, until this Court ruled on September 22, 2026, and while the contempt remained on the state court's calendar after that, I went to every appearance not knowing whether I would walk back out. I could hardly sleep. When I did, I would hear the cell door closing. It became much harder for me to work on my own case. I have gone through periods of little or no sleep. When the anxiety is at its worst I get dizzy, my heart pounds, I am sick to my stomach, and it is hard for me to concentrate. My daughter, who lives with me, described these changes in her affidavit [ECF No. 228] (¶¶ 14–26).

11. I have seen Amanda Drapkin, LMSW, for psychotherapy since June 8, 2026. Her letter of August 20, 2026 is Exhibit 3. She reports that my "continued fear of returning to jail" has been a "particularly significant source of anxiety," and that I have had severe sleep disturbance, dizziness, heart pounding, gastrointestinal distress, and difficulty concentrating

during periods of heightened anxiety. The divorce had worn me down long before 2026. But the fear of being returned to jail over the YoYo fine is a specific fear, and it was the thing that changed everything for me.

12. I ask the Court to fix my actual damages in an amount it considers just, including the $21,175.00 in Ms. Housos's fees, the $5,850.00 for FIS, the other amounts in paragraph 7, and damages for the emotional distress the enforcement of the YoYo fine caused me. These amounts, totaling $29,271.25 exclusive of emotional distress, are listed in Schedule A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2026
Roslyn, New York

______________________________
Margarita Onassis Parlionas

# SCHEDULE A

to the Declaration of Margarita Onassis Parlionas pursuant to 28 U.S.C. § 1746

In re Margarita Onassis Parlionas, Case No. 1-23-42029-jmm (Bankr. E.D.N.Y.)

**Schedule of Actual Damages under 11 U.S.C. § 362(k)(1)**

| **Item** | **Invoice / date** | **Status** | **Exhibit; Decl. ¶** | **Amount ($)** |
|---|---|---|---|---|
| **A. Counsel fees to resist enforcement of the YoYo contempt** | | | | |
| Katerina Housos, Esq. — 60.5 hours at $350 per hour (May 5 – Oct. 2, 2026) | Decl. Oct. 7, 2026 | Incurred | Ex. 1; ¶ 5 | 21,175.00 |
| **B. Forensic accounting** | | | | |
| Financial Investigation Services, Inc. — valuation of interest in YoYo Lip Gloss, Inc. (16 hrs at $225) | Inv. MP-01-26, July 29, 2026 | Paid | Ex. 2; ¶ 7(a) | 3,600.00 |
| Financial Investigation Services, Inc. — analysis of Oct. 2018 transfer of 25% interest (10 hrs at $225) | Inv. MP-02-26, Aug. 30, 2026 | Outstanding | Ex. 2; ¶ 7(a) | 2,250.00 |
| **C. Transcripts** | | | | |
| Noah Collin, Senior Court Reporter — state court, Mar. 18 and 20, 2024 | Inv. July 4, 2026 | $300.00 deposit paid; $413.80 due | Ex. 2; ¶ 7(b) | 713.80 |
| Monica Jenkins, Senior Court Reporter — state court, May 18–22, 2026 (Debtor's one-half of $1,377.80) | Inv. July 1, 2026 | Paid (one-half) | Ex. 2; ¶ 7(b) | 688.90 |
| Rivka Kaplan, Official Court Reporter — state court, Aug. 24 and 26, 2026 | Inv. Aug. 28, 2026 | Incurred | Ex. 2; ¶ 7(b) | 661.05 |
| J&J Court Transcribers, Inc. — this Court's hearing of Sept. 22, 2026 | Inv. 2026-01661 | Paid | Ex. 2; ¶ 7(b) | 182.50 |
| Subtotal — transcripts (C) | | | | 2,246.25 |
| Subtotal — out-of-pocket costs (B + C) (Decl. ¶ 7) | | | | 8,096.25 |
| **Total — counsel fees and costs (A + B + C)** | | | | **29,271.25** |
| **D. Emotional distress caused by the threatened incarceration on the YoYo contempt (Decl. ¶¶ 8–11; Ex. 3)** | | | | **In the Court's discretion** |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

In re: MARGARITA ONASSIS PARLIONAS, a/k/a Margarita Mary Vekrakos, Debtor.

Chapter 7 · Case No. 1-23-42029-jmm · Hon. Jil Mazer-Marino

# EXHIBIT 1

*to the Declaration of Margarita Onassis Parlionas pursuant to 28 U.S.C. § 1746*

*in Support of the Determination of Her Actual Damages under 11 U.S.C. § 362(k)(1)*

Declaration of Katerina Housos, Esq., dated October 7, 2026, with itemized statement of services (60.5 hours at $350 per hour; $21,175.00).

Referenced at Declaration ¶¶ 5, 12.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 7 |
| MARGARITA ONASSIS PARLIONAS<br>a/k/a MARGARITA MARY VEKRAKOS, | Case No. 1-23-42029-jmm<br>Hon. Jil Mazer-Marino |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF KATERINA HOUSOS, ESQ. IN SUPPORT OF ATTORNEY'S FEES RELATED TO DEBTOR'S CONTEMPT**

Katerina Housos, Esq., declares under penalty of perjury:

1. I am an attorney admitted to practice in the State of New York.

2. I submit this declaration in support of the attorney's fees awarded to the Debtor by this Court's order arising from the post-petition contempt proceedings in Parlionas v. Parlionas, Index No. 721778/2020 (Sup. Ct. Queens Cty.), conducted in violation of this Court's automatic stay.

3. Annexed below is an itemized statement of the services I rendered, in chronological order, with time recorded in tenths of an hour. Clerical tasks are listed at no charge. All time is billed at $350 per hour.

4. I was admitted to the bar of the State of New York in 2016 and am admitted to practice before the United States District Courts for the Eastern District of New York (2017) and the Southern District of New York (2019), and the Supreme Court of the United States (2025).

5. I hold an LL.B. from the National and Kapodistrian University of Athens (2011), an LL.M. from Queen Mary, University of London (2012), and an LL.M. from Fordham University School of Law (2014).

6. I have litigated in New York federal and state courts for ten years. I have worked for multiple law firms, including from 2019 to 2021, when I was an associate at Phillips & Associates, PLLC, where I represented more than 100 plaintiffs in employment discrimination

actions. From 2021 to 2022 I was an associate at Goddard Law PLLC, again focusing on employment litigation.

7. Since about June 2022 I have been practicing solo, concentrating in employment and commercial law. I am also a co-founder of the Inspiring Women in Law League (IWILL).

8. My customary hourly rate for litigation matters is $350, which is at or below prevailing rates for attorneys of comparable experience.

9. I have represented the Debtor, on and off, since approximately 2016, in matters arising from her business interests and her matrimonial and related civil litigation in Queens Supreme Court. As a result, I was familiar with the history of the YoYo transfer, the June 16, 2022 Order and Judgment of Contempt, and the matrimonial and bankruptcy proceedings before the services itemized below began. That familiarity allowed me to respond to the post-petition contempt proceedings without the time a newly retained attorney would have needed to learn the 11-year record.

10. The services itemized below were rendered in connection with the June 16, 2022 Order and Judgment of Contempt and include the preparation of motions to stay enforcement of the contempt order and to purge the contempt, to vacate or modify the $252,500 contempt fine, which rested on an erroneous ownership figure contradicted by the Chapter 7 Trustee's pleading and expert reports, together with conferences and correspondence with the client and other counsel.

| Date | Description of Services | Hours | Amount ($) |
|---|---|---|---|
| 05/05/26 | Reviewed and analyzed draft motion to vacate contempt order; evaluated CPLR 5015(a) grounds and Trustee's adversary complaint as newly discovered evidence. | 1.5 | 525 |
| 05/07/26 | Drafted notice of motion to vacate or modify contempt order; transmitted draft to client for review. | 0.5 | 175 |
| 05/07/26 | Drafted affirmation of M. Parlionas in support of motion to vacate or modify contempt order; transmitted draft to client for review. | 1.5 | 525 |
| 05/07/26 | Drafted memorandum of law in support of motion to vacate or modify contempt order; transmitted draft to client for review. | 2.0 | 700 |
| 05/07/26 | Prepared exhibit list for motion to vacate or modify contempt order. | 0.2 | 70 |
| 05/08/26 | Call conference with client re: draft motion to vacate contempt order and supporting affirmation. | 0.5 | 175 |

| Date | Description of Services | Hours | Amount ($) |
|---|---|---|---|
| 05/14/26 | Reviewed Trustee's adversary complaint (Adv. Proc. No. 25-01022-jmm, Doc. 209); analyzed causes of action, transfer chronology, and derivation of $252,500 contempt fine from MSG appraisal. | 1.5 | 525 |
| 05/14/26 | Analyzed June 16, 2022 Order and Judgment of Contempt against proposed defenses: McCormick elements, purge period, and inability to comply. | 1.0 | 350 |
| 05/14/26 | Reviewed supplemental rebuttal report of M. Cohen, CPA (Ex. 135, 147 pp.) challenging valuation underlying contempt fine, and annexed corporate, tax, and loan records. | 1.5 | 525 |
| 05/15/26 | Restructured motion to vacate or modify contempt order as notice of motion, affidavit of M. Parlionas with exhibits, and memorandum of law; incorporated authorities on valuation date and contempt fine; transmitted draft to client for review. | 1.5 | 525 |
| 05/15/26 | Call conference with client re: Trustee's adversary complaint and rebuttal valuation report as bearing on contempt fine. | 0.5 | 175 |
| 05/19/26 | Reviewed affidavits of M. Cohen, CPA and E. Andreone in support of motion to vacate or modify contempt order; transmitted draft to client for review. | 0.5 | 175 |
| 05/19/26 | Reviewed rebuttal report (Ex. 134) and YoYo corporate records (Ex. G, 317 pp.) bearing on ownership percentage underlying contempt fine. | 1.2 | 420 |
| 05/19/26 | Cite-checked authorities in memorandum of law on motion to vacate or modify contempt order. | 0.8 | 280 |
| 05/22/26 | Call conference with client re: revised motion to vacate contempt order. | 0.5 | 175 |
| 05/26/26 | Drafted order to show cause seeking adjournment of the contempt hearing, assignment of counsel pursuant to Judiciary Law § 770, and a declaration that enforcement of the June 16, 2022 Order and Judgment of Contempt is stayed under 11 U.S.C. § 362(a); transmitted draft to client for review. | 3.0 | 1,050 |
| 05/26/26 | Drafted memorandum of law in support of order to show cause to stay enforcement of contempt order and adjourn contempt hearing; transmitted draft to client for review. | 2.0 | 700 |
| 05/27/26 | Finalized affirmation and exhibits in support of order to show cause to stay enforcement of contempt order; transmitted draft to client for review. | 1.2 | 420 |
| 05/27/26 | Prepared affirmation of notice pursuant to 22 NYCRR § 202.7(f) and notice to opposing counsel on order to show cause re: contempt enforcement. | 0.6 | 210 |
| 05/27/26 | E-filed order to show cause papers re: contempt enforcement. (No charge.) | 0.2 | N/C |
| 05/29/26 | Call conference with client re: order to show cause to stay contempt enforcement filed May 27, 2026 and May 27, 2026 commitment. | 0.5 | 175 |
| 07/02/26 | Call conference with client re: threatened re-incarceration on contempt and available remedies. | 0.5 | 175 |

| Date | Description of Services | Hours | Amount ($) |
|---|---|---|---|
| 07/03/26 | Legal research re: CPLR Article 78 prohibition as remedy against threatened re-incarceration on civil contempt. | 1.0 | 350 |
| 07/04/26 | Legal research re: interlocutory appeal and recusal as remedies against threatened re-incarceration on civil contempt. | 1.0 | 350 |
| 07/24/26 | Call conference with client re: Judiciary Law § 773 argument on contempt fine quantum. | 0.5 | 175 |
| 07/25/26 | Drafted supplemental point on Judiciary Law § 773 contempt fine quantum for memorandum of law; transmitted draft to client for review. | 1.2 | 420 |
| 07/30/26 | Reviewed FIS valuation report of M. Cohen, CPA dated July 27, 2026 and supporting computations (25% equity interest; income approach) re: contempt fine. | 1.0 | 350 |
| 07/31/26 | Call conference with client re: FIS valuation report and its effect on contempt fine. | 0.5 | 175 |
| 08/04/26 | Revised memorandum of law on motion to vacate or modify contempt order to lead with Judiciary Law § 773 argument; transmitted draft to client for review. | 2.0 | 700 |
| 08/04/26 | Reviewed court-appointed appraisal underlying contempt fine and annotated errors. | 1.0 | 350 |
| 08/04/26 | Legal research re: valuation of minority interest in closely held corporation as measure of contempt fine. | 0.5 | 175 |
| 08/06/26 | Revised memorandum of law on motion to vacate or modify contempt order; transmitted draft to client for review. | 2.0 | 700 |
| 08/06/26 | Drafted argument on affidavit of E. Goldstein, CPA re: ownership percentage underlying contempt fine; transmitted draft to client for review. | 0.8 | 280 |
| 08/06/26 | Prepared exhibit schedule for motion to vacate or modify contempt order. | 0.4 | 140 |
| 08/06/26 | Reviewed YoYo corporate and tax records (2014–2016) re: ownership percentage underlying contempt fine. | 0.8 | 280 |
| 08/07/26 | Call conference with client re: December 4, 2023 remand order and finalization of motion to vacate contempt order. | 0.5 | 175 |
| 08/10/26 | Call conference with client re: state court hearing at which the Court addressed contempt and threatened incarceration. | 0.5 | 175 |
| 08/11/26 | Call conference with client re: state court hearing; Court's statements that client could be incarcerated on contempt. | 0.5 | 175 |
| 08/12/26 | Drafted procedural history of contempt proceedings; transmitted draft to client for review. | 1.5 | 525 |
| 08/12/26 | Call conference with client re: state court hearing; threatened incarceration on contempt. | 0.5 | 175 |
| 08/13/26 | Telephone conference with hearing observer re: Court's statements at August 2026 hearings concerning contempt and imminent threatened incarceration. | 1.0 | 350 |
| 08/13/26 | Drafted order to show cause on application to purge contempt and supporting affidavit of M. Parlionas; transmitted draft to client for review. | 1.0 | 350 |
| 08/13/26 | Drafted memorandum of law in support of application to purge contempt; transmitted draft to client for review. | 1.0 | 350 |

| Date | Description of Services | Hours | Amount ($) |
|---|---|---|---|
| 08/13/26 | Drafted notice of cross-motion pursuant to CPLR 2215 seeking stay of commitment on contempt order and an evidentiary hearing pursuant to Judiciary Law § 774; transmitted draft to client for review. | 0.5 | 175 |
| 08/13/26 | Finalized memorandum of law on motion to vacate or modify contempt order; transmitted draft to client for review. | 2.0 | 700 |
| 08/13/26 | Finalized affirmation in support of motion to vacate or modify contempt order; transmitted draft to client for review. | 1.0 | 350 |
| 08/13/26 | Drafted affidavit of M. Parlionas in support of motion to vacate or modify contempt order; transmitted draft to client for review. | 1.0 | 350 |
| 08/13/26 | Call conference with client re: application to purge contempt and motion to vacate contempt order. | 0.5 | 175 |
| 08/14/26 | Call conference with client re: affidavit in support of motion to vacate contempt order and upcoming contempt appearance. | 0.5 | 175 |
| 08/15/26 | Call conference with client re: application to purge contempt and upcoming contempt appearance. | 0.5 | 175 |
| 08/16/26 | Reviewed YoYo ownership records and loan schedule; selected exhibits for motion to vacate or modify contempt order. | 1.0 | 350 |
| 08/16/26 | Call conference with client re: exhibits for motion to vacate contempt order and upcoming contempt appearance. | 0.5 | 175 |
| 08/17/26 | Reviewed Brookridge loan documents and valuation report; finalized exhibit set for motion to vacate or modify contempt order. | 1.0 | 350 |
| 08/17/26 | Call conference with client re: court hearing; Court's direction to find $180,000 to purge contempt and threatened incarceration. | 0.5 | 175 |
| 08/18/26 | Call conference with client re: court hearing; Court's statement that contempt may be active and client may be incarcerated on August 24, 2026. | 0.5 | 175 |
| 08/19/26 | Correspondence with prospective co-counsel re: representation in contempt proceeding; summarized contempt motion (Mot. Seq. 16), valuation report, opposition papers, and contempt order, and outlined procedural posture. | 1.5 | 525 |
| 08/19/26 | Reviewed and analyzed assigned counsel's contempt defense position; identified unaddressed issues: Judiciary Law § 773 quantum, Trustee's adversary complaint, and need for clarifying order from Bankruptcy Court. | 1.0 | 350 |
| 08/19/26 | Call conference with client re: threatened incarceration on contempt; referral to co-counsel for contempt defense. | 0.5 | 175 |
| 08/20/26 | Reviewed correspondence from bankruptcy counsel K. Dahiya, Esq. re: homestead exemption and scope of state court inquiry in contempt proceedings. | 0.2 | 70 |
| 08/20/26 | Call conference with client re: referral to co-counsel for contempt defense and homestead disbursement accounting sought in contempt proceedings. | 0.5 | 175 |
| 08/23/26 | Legal research re: commitment on pre-petition contempt order after petition date. | 0.8 | 280 |
| 08/23/26 | Legal research re: homestead exemption (CPLR 5206; DCL § 282) and discharge issues (11 U.S.C. §§ 524, 523(a)(15)) as | 0.7 | 245 |

| Date | Description of Services | Hours | Amount ($) |
|---|---|---|---|
| | defenses to contempt commitment; evaluated order to show cause with interim stay as procedural vehicle. | | |
| 08/30/26 | Correspondence with client re: defense to purge of contempt and retention of new counsel. | 0.3 | 105 |
| 09/08/26 | Reviewed correspondence from assigned counsel T. Worms, Esq. re: YoYo contempt amount and adjournment request. | 0.2 | 70 |
| 09/08/26 | Call conference with client re: Court's reduction of contempt purge amount to $123,000 and continuing threat of incarceration on contempt. | 0.5 | 175 |
| 09/11/26 | Call conference with client re: Chapter 7 Trustee's omnibus notice and pending contempt enforcement. | 0.5 | 175 |
| 09/18/26 | Call conference with client re: preparation for September 21, 2026 contempt appearance and threatened incarceration. | 0.5 | 175 |
| 09/20/26 | Reviewed correspondence from T. Worms, Esq. re: adjournment of contempt hearing. | 0.1 | 35 |
| 09/20/26 | Call conference with client re: adjournment of September 21, 2026 contempt appearance. | 0.5 | 175 |
| 10/01/26 | Call conference with client re: continued contempt hearing of October 2, 2026 and threatened incarceration. | 0.5 | 175 |
| 10/02/26 | Call conference with client re: continued contempt hearing. | 0.5 | 175 |
| | **Total time billed** | **60.5** | **21,175** |

11. The services described above, totaling 60.5 hours ($21,175), were reasonable and necessary, and were incurred as a result of the contempt proceedings conducted in violation of the automatic stay. Time for other services rendered to the Debtor in the matrimonial action has been excluded from this application.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Astoria, New York
October 7, 2026

/s/ Katerina Housos
Katerina Housos, Esq.
30-12 35th Street
Astoria, NY 11103
(917) 691-3748
katerina@housoslaw.com

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

In re: MARGARITA ONASSIS PARLIONAS, a/k/a Margarita Mary Vekrakos, Debtor.

Chapter 7, Case No. 1-23-42029-jmm, Hon. Jil Mazer-Marino

# EXHIBIT 2

to the Declaration of Margarita Onassis Parlionas pursuant to 28 U.S.C. § 1746

in Support of the Determination of Her Actual Damages under 11 U.S.C. § 362(k)(1)

Invoices for costs incurred (Declaration ¶ 7; Schedule A):

A. Financial Investigation Services, Inc., Invoice MP-01-26, July 29, 2026: $3,600.00 (paid)

B. Financial Investigation Services, Inc., Invoice MP-02-26, August 30, 2026: $2,250.00 (outstanding)

C. Monica Jenkins, Senior Court Reporter, invoice dated July 1, 2026, transcripts of May 18-22, 2026: $1,377.80 (Debtor paid one-half, $688.90)

D. Rivka Kaplan, Official Court Reporter, invoice dated August 28, 2026, transcripts of August 24 and 26, 2026: $661.05

E. J&J Court Transcribers, Inc., Invoice No. 2026-01661, transcript of September 22, 2026 hearing: $182.50

F. Noah Collin, Senior Court Reporter, invoice dated July 4, 2026, transcripts of March 18 and 20, 2024: $713.80 ($300.00 deposit paid; $413.80 due)

Financial account numbers redacted pursuant to Fed. R. Bankr. P. 9037.

# Financial Investigation Services, Inc.

***Forensic Accounting — Litigation Support — Investigations — Tax Resolution***

Invoice Date: July 29, 2026
Invoice: MP-01-26

Dear Margarita,

Re: Margarita Parlionas v. Athanasios Parlionas
Valuation of Marital Asset – Equity Interest in YoYo Lip Gloss, Inc

The current engagement involved the valuation of your equity interest in YoYo Lip Gloss, Inc. as of December 31, 2015. The valuation was documented in a written report with a supporting workbook.

The amount due for this engagement is $3,600. This is based on 16 billable hours at the hourly rate of $225.

Please make an ACH payment of $3,600 to:

Capital One
Financial Investigation Services, Inc.
Routing #
Account #[redacted]-----

If you prefer, payment may also be made by credit card with an added 2% service fee of $72.

It's a privilege to be of service to you.

Best regards,

Neil Cohen

Neil Cohen, CFE, EA, PI

**672 Dogwood Avenue, #212, Franklin Square, NY 11010 • Phone: 917-817-2991**

# Financial Investigation Services, Inc.

***Forensic Accounting — Litigation Support — Investigations — Tax Resolution***

Invoice Date: August 30, 2026
Invoice: MP-02-26

Margarita Parlionas

Re: Margarita Parlionas v. Athanasios Parlionas
Transfer of 25% Equity Interest in YoYo Lip Gloss, Inc – October 2018

Interim billing – $2,250

This is based on 10 billable hours at the hourly rate of $225.

Please mail payment of $2,250 to:

Financial Investigation Services, Inc.
672 Dogwood Avenue, #212
Franklin Square, NY 11010

Alternatively, you may remit payment via ACH to
Capital One
Financial Investigation Services, Inc.
Routing #
Account #

It's a privilege to be of service to you.

Best regards,

Neil Cohen

Neil Cohen, CFE, EA, PI

**672 Dogwood Avenue, #212, Franklin Square, NY 11010 • Phone: 917-817-2991**
professormichaelcohen@hotmail.com
neil@financialinvestigators.net

MONICA JENKINS
Civil Supreme Senior Court Reporter
88-11 Sutphin Boulevard - Room 301
Jamaica, NY 11435
Telephone (718) 298-1326
E-mail- civiltranscripts25@[redacted]
[redacted]3586576

July 1, 2026

TO: MARGARITA PARLIONAS
157-22 Powells Cove Boulevard
Whitestone, New York 11357
917-226-7755

ATTN: MARGARITA PARLIONAS (PRO SE)

---

TITLE OF ACTION: Margarita Parlionas v. Athanasios Parlionas

BEFORE: HON. William A. Viscovich

INDEX NO. 721778/2020

DATE OF PROCEEDING: May 18-22, 2026

TOTAL AMOUNT DUE: **$1,377.80** (15 business days)
**Or** **$1,626.80** (5 business days)

*** [redacted]

*** Upon receipt of payment, transcript will be prepared and forwarded. The original will be filed with the Court.

Thank you.

MJ

RIVKA KAPLAN
Official Supreme Court Reporter
88-11 Sutphin Boulevard - Room 301
Jamaica, NY 11435
Telephone (718) 298-0039
E-mail- [redacted]090

August 28, 2026

TO: Margarita Parlionas
Margaritaonassis@gmail.com

---

TITLE OF ACTION: MARGARITA PARLIONAS v. ATHANASIOS PARLIONAS

BEFORE: HON. WILLIAM A. VISCOVICH

INDEX NO. 721778/2020

DATES OF PROCEEDING: August 24th and 26th of 2026

TRANSCRIPT FEE: $661.05 (includes regular delivery 10 business days and electronic pdf copy)

*** Payment can be made via Zelle (347) [redacted] @rivka-kaplan, or by sending an attorney check to the above address.

*** Upon receipt of payment, transcript will be prepared and forwarded. The original will be filed with the Court.

Thank you.

# J&J Court Transcribers, Inc.

**268 Evergreen Avenue**
**Hamilton, NJ 08619**
**609-586-2311 FAX # 609-587-3599**
**jjcourt@jjcourt.com**


*TIMELY - ACCURATE - EQUIPPED FOR THE FUTURE*

---

**TO:** Margarita Parlionas

11 The Hemlocks

Roslyn, NY 11576

**RE:** In re
**-v-**
Margarita Onassis Parlionas

**DUE UPON RECEIPT** **9/24/2026**

| Orig | Copies | Pages | Description | Unit | Amount |
|---|---|---|---|---|---|
| 1 | 1 | 25 | Federal Court Daily on 9/22/2026 | 7.30 | 182.50 |
| | | | Deposit Visa on 9/23/2026 | | -200.00 |
| | | | **REFUND :** | | **-17.50** |

**Invoice # :**

**2026-01661**

**Thank You.**

**When sending your remittance, please include the invoice number on the check. We also accept Visa, MasterCard and American Express.**

**Tax id # :** 22-3[redacted] **DUNS #:** 623609435

A service charge of 1½% per month will be applied to all past due balances. ($5.00 minimum charge)

**Court:**
U.S. Bankruptcy Court, Brooklyn NY
23-42029

# Invoice


Noah Collin

Senior Court Reporter

Queens Supreme Court

88-11 Sutphin Boulevard, Room 301

Jamaica, New York 11435

NCollin@NYcourts.gov

https://sites.google.com/view/noahcollincourtreporter


7/4/2026

To: Margarita Parlionas

Title: PARLIONAS v. PARLIONAS

Index No. 721778-2020

Date of proceedings: 3/18,20/2024

Judge: Viscovich

Part: 63

| | |
|---|---|
| Gross Total | $713.80 |
| Deposit paid | $300.00 |
| ***Total Due*** | **$413.80** |

Transcript will be sent upon receipt of payment via one of the following payment methods:

| | | |
|---|---|---|
| **Venmo :** | **@Noah-Collin-1** | *The last four digits of my phone number are **2154.*** |
| **Paypal:** | **ncollin1985@yahoo.com** | *You must pay the paypal fees as well: https://thefeecalculator.com/* |
| **Zelle**: | **(631)335-2154** | |

**Check**: Please make an attorney's check payable to **Noah Collin**. Please do not staple or tape the check.

Mail check to:

**Queens Supreme Court 88-11 Sutphin Boulevard, Room 301 attn: Noah Collin,**

**Jamaica, New York 11435.**

I will send the transcript after the check clears.

Please be aware that I am in courtrooms throughout the day and the best way to reach me is via email.

I may only return correspondence at around 9 a.m. or late in the afternoon or evening (ET).

After sending payment, please send me a followup email to ensure receipt.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

In re: MARGARITA ONASSIS PARLIONAS, a/k/a Margarita Mary Vekrakos, Debtor.

Chapter 7 · Case No. 1-23-42029-jmm · Hon. Jil Mazer-Marino

# EXHIBIT 3

*to the Declaration of Margarita Onassis Parlionas pursuant to 28 U.S.C. § 1746*
*in Support of the Determination of Her Actual Damages under 11 U.S.C. § 362(k)(1)*

Letter of Amanda Drapkin, LMSW, Meghan Jackson Miller Psychological Services, dated August 20, 2026.

Referenced at Declaration ¶ 11.

CONFIDENTIAL HEALTH INFORMATION — TO BE FILED UNDER SEAL OR WITH A MOTION TO SEAL.

**August 20, 2026**

**To Whom It May Concern:**

My name is Amanda Drapkin, LMSW, and I am a clinician with Meghan Jackson Miller Psychological Services. I have been providing psychotherapy services to Margarita Parlionas since June 8, 2026. This letter is being provided with Ms. Parlionas's authorization for the limited purpose of documenting her current mental health symptoms and the impact of those symptoms on her functioning.

Throughout the course of treatment, Ms. Parlionas has presented with significant psychological distress related to her ongoing legal proceedings. Although the prolonged nature of the litigation has itself been a source of stress, her prior incarceration and continued fear of returning to jail have been particularly significant sources of anxiety. The possibility of incarceration has remained a recurrent concern in treatment and has contributed substantially to the distress she experiences in connection with her legal matters.

Ms. Parlionas has reported severe sleep disturbance, including periods of little to no sleep, as well as dizziness, heart pounding, gastrointestinal distress, and difficulty concentrating during periods of heightened anxiety. At times, the combination of significant anxiety and sleep deprivation has affected her ability to organize her thoughts, process information, and complete necessary tasks. I have observed heightened anxiety and emotional overwhelm when Ms. Parlionas discusses court proceedings and their potential consequences.

The foregoing symptoms have had a meaningful impact on Ms. Parlionas's functioning, particularly during periods of acute stress. This is not to suggest that Ms. Parlionas is incapable of managing her own affairs or participating in legal proceedings. Rather, it is intended to identify the functional limitations associated with her current clinical presentation.

Ms. Parlionas remains actively engaged in psychotherapy. Treatment has focused on management of anxiety, development of effective coping strategies, emotional regulation, and maintaining functioning in the context of her ongoing stressors.

Based upon my direct clinical work with Ms. Parlionas, I respectfully request that her current mental health symptoms, associated functional limitations, and the potential for further exacerbation of those symptoms be taken into account in connection with her ongoing legal proceedings.

This letter is limited to matters within the scope of my direct clinical work with Ms. Parlionas. It is not intended to offer an opinion concerning the merits of the underlying legal proceedings or any legal determination before the Court.

Thank you for your consideration of the foregoing. Should additional information be required, please feel free to contact me.

Respectfully,

**Amanda Drapkin, LMSW**
Clinician
Meghan Jackson Miller Psychological Services
(201) 644-6058
ADrapkin@mjmps.nyc